# EXHIBIT B

 

#003

## RESIDENTIAL LEASE

### TENANT INFORMATION

| TENANT | Heather Tolaro | | |
|---|---|---|---|
| Address (The Premises) | 5049 N Newcastle, Chicago 60656 | ILCH0446 | |
| Home Phone Cell Phone | (312) 833-0935 (Heather) | Work Phone Other Phone | htolaro27@gmail.com |

### LANDLORD INFORMATION

| LANDLORD | THR Property Illinois, LP, A Delaware Limited Partnership | | |
|---|---|---|---|
| Address | 5509 N Cumberland Ave #505 Chicago, IL 60656 | | |
| Home Phone Cell Phone | 773-893-1250 | Work Phone Other Phone | chicagoleaseinfo@invitationhomes.com |

### LEASE TERM

| Begins | 9/27/2013 | Ends | 9/30/2014 |
|---|---|---|---|

### Pro-Rated RENT (early move in)

| Daily Rent | $63.33 | Pro-Rated Amount For Days  9/27/2013 to  9/30/2013 | $253.33  Due if moving in prior To the first of the month |
|---|---|---|---|

### RENT

| Monthly Rent | $1900 | Security Deposit | $1900 |
|---|---|---|---|

In consideration of the mutual agreements and covenants set forth below (the same being fully included as part of this Lease), Landlord hereby leases to Tenant and Tenant here by leases from Landlord for a private dwelling the residence designated above, together with the fixtures and accessories belonging thereto, for the above term. All parties listed above as Landlord and Tenant are herein referred to individually and collectively as Landlord and Tenant respectively.

### Lease Agreements and Covenants

1. **RENT**: Tenant shall on the FIRST day of each month (the due date) pay to Landlord in advance, the rent set forth above at the Landlord's address set forth above (or such other address as Landlord may designate in writing). The time of each and every payment of rent is of the essence of the Lease. The first month's rent shall be paid by cashier's or certified check when this Lease is signed and is not refundable for any reason, including but not limited to failure of Tenant to enter into possession.

2. **LATE PAYMENT FEE / RETURNED CHECKS**: If the monthly rental payment is not received within 5 days from the due date, the tenant shall pay Landlord, as additional rent, the sum of $100.00 ~~per day~~ from the due date for every day rent is not received. Received is hereby defined as actual receipt, not the date deposited in the U.S. mail. In the event any check is returned unpaid, Tenant shall be responsible for the late payment fee provided above, plus a $25.00 returned check fee, all as additional rent, immediately due and payable. In the event any rent payment is returned unpaid, the Landlord may, at Landlord's option, demand that all subsequent rental payments be made by Cashier's or Certified Check, and Tenant's failure or refusal to remit payment by Cashier's or Certified Check, shall entitle Landlord to terminate this Lease.

Tenants: _____    Landlord or Landlord's Representative: _____

1

3. **SECURITY DEPOSIT**: Tenant has deposited with Landlord the security deposit set forth above for the performance of each and every covenant and agreement of this Lease. Landlord shall have the right, but not the obligation, to apply the security deposit in whole or in part in payment of any unpaid rent or other amount due because of an unperformed covenant or agreement by Tenant. Landlord's right to possession of the premises for nonpayment of rent or any other reason shall not be affected by the fact that Landlord holds security. Tenant's liability is not limited to the amount of security deposit. On termination of the Lease and full payment of all amounts due and performance of all Tenant's covenants and agreements, the security deposit or any portion thereof remaining unapplied shall be returned with applicable interest to Tenant in not less than 30 days after the Lease is terminated. Tenant must provide written proof that all of the final utility bills have been paid prior to Landlord disbursing the security deposit. Tenant must provide Landlord with his or her new address for return of the security deposit. All Security and/or Pet Deposits shall be paid by cashier's or certified check when this Lease is signed, and are non-refundable if Tenant attempts to cancel or fails to take occupancy. Retention of any deposits shall not prejudice the right of Landlord to pursue any other legal remedies which may be available to Landlord.

4. **PETS**: Unless otherwise agreed herein, no pets shall be allowed on or about the premises. If pets are allowed within the terms of this Lease, Tenant represents that said pet has no history of disruptive or violent behavior. Tenant shall remove all animal waste immediately and keep the residence and lawn clear of all waste. If any un-permitted pet is on or about the premises, Tenant shall be in breach of this Lease, and in addition to all other rights of Landlord, Tenant shall pay to Landlord $50.00 per day for each day such pet was or remains present, on demand, as additional rent.

# of pets allowed: 3   Dog not larger than n/a lbs; n/a Cat; n/a Bird
_____ Other: _____

ADDITIONAL PET DEPOSIT | $0 |   _____ Refundable   _X_ Non-Refundable

5. **SMOKING:** [Select **ONLY ONE** of the Following]

_X_ Smoking of any kind is **NOT** permitted. This residence is designated a non-smoking premises in accordance with Illinois law. Tenant agrees there shall be no smoking of any kind inside the residential structure, including the garage. Without prejudice to any other remedies available to Landlord for breach, in the event of violation of this covenant, Tenant agrees to pay on demand, as additional rent, a $200.00 cleaning fee.

_____ Smoking is permitted. Tenant shall at all times exercise due care to be sure all smoking materials are properly and fully extinguished and shall not smoke near flammable substances or in bed. In consideration of the permission to smoke, $_____ shall be added to the Security Deposit to provide for the expense of additional cleaning to remediate smoke odor and/or damage and for all other obligations for which the Security Deposit is held.

6. **OCCUPANT**: No other person shall occupy the premises except those listed as Tenant or "NAMES OF OTHERS RESIDING WITH TENANT." If any person other than those allowed hereunder, occupy the premises, Tenant shall be in breach of this Lease, and in addition to all other rights of Landlord, Tenant shall pay to Landlord, the additional sum of $250.00 per month.

| "NAMES OF OTHERS RESIDING WITH TENANT" | Michael Tolaro | 12/31/2006 |
|---|---|---|
| | | |
| | | |
| | | |

7. **SMOKE DETECTORS AND CARBON MONOXIDE DETECTORS**: Tenant acknowledges that the residence herein has smoke detectors on every level and a carbon monoxide detector(s) within 15 feet of all bedrooms. It shall be Tenants responsibility to notify Landlord in writing if the smoke detector(s) or carbon monoxide detector(s) become inoperative. It is the tenant's responsibility to test, maintain and change the batteries for the carbon monoxide detector(s) and smoke alarm(s). Tenant acknowledges receiving from landlord written information regarding testing and maintenance of the carbon monoxide detector(s) and smoke alarm(s).
→→INITIAL HERE→→ Tenants_____ _____Landlord:_____

8. **TENANT RESPONSIBILITIES**: Tenant agrees to abide by all "Tenant Responsibilities" which are attached hereto and made a part hereof. Landlord reserves the right to modify the Tenant Responsibilities after the execution of this Lease, with notice to Tenant of said modification(s).

3

Premises: 5049 N Newcastle, Chicago 60656

9. **COMPLIANCE WITH RULES**: Tenant shall comply with all rules and regulations, covenants, conditions and restrictions of any homeowner's association, townhouse association or condo association and Tenant shall be responsible for any penalties or expenses related to any violation thereof, all of which Tenant shall pay on demand, as additional rent.

10. **NOTICE PURSUANT TO 735 ILCS 5/9-120**: As required by 735 ILCS 5/9-120, the Tenant (Lessee) is hereby notified that if any Tenant (Lessee) or occupant, on one or more occasions, uses or permits the use of the leased premises for the commission of a felony or Class A misdemeanor under the laws of this State, the Landlord (Lessor) shall have the right to void the lease and recover the leased premises.

11. **APPLICATION**: The application for this Lease and all representations and promises contained therein are hereby made a part of this Lease. Tenant warrants that the information given Landlord in the application is true. If such information is false, Landlord may at Landlord's option, terminate this Lease and retain the security deposit as liquidated damages.

12. **REPAIRS AND MAINTENANCE**: Tenant has examined the residence and completed the Rental Property Condition List attached hereto and acknowledges that, except for the work Landlord has agreed to do per the Rental Property e Condition List, Tenant is satisfied with the present physical condition of the residence and that neither Landlord nor Landlord's agent have made any representations or promises concerning the physical condition except those specifically set forth in this Lease. Upon reasonable notice from Tenant, Landlord shall keep in repair the following property (except if repair is necessitated by Tenant's negligence or willful acts):
   a. If furnished by Landlord, the refrigerator, washer and/or dryer, stove, air conditioning units, and dishwasher;
   b. Equipment for heating the residence and for water heating;
   c. The plumbing and electrical facilities;
   d. The floor, interior and exterior walls, supports, ceiling and roof.

The failure to keep any of the foregoing in repair shall not affect the obligations of Tenant to pay rent. In the event any repair or replacement is necessitated by negligence or willful act of Tenant, Tenant shall on demand reimburse Landlord for the cost thereof. Tenant shall comply with all applicable municipal codes and other regulations. Tenant shall not suffer or commit any waste in and about the residence and shall at Tenant's expense keep the residence in good order and repair (except to the extent Landlord has in this Lease agreed to make repairs). On termination of the Lease, Tenant shall return the residence to Landlord in like condition, reasonable wear excepted. If Tenant fails to keep the residence in such condition and repair, Landlord or Landlord's agent may enter and put the residence in good condition and repair. On demand, Tenant shall pay Landlord the cost of such work. Tenant is responsible to pay the first $75.00 for any service call to the residence unless this is waived by Landlord. Tenant must notify Landlord immediately if any repair is necessary to the residence or appliances. If Tenant fails to notify Landlord immediately regarding necessary repairs, Tenant shall pay for the repair cost in its entirety.

13. **RESIDENCE**: The residence shall be used and occupied by the Tenant exclusively as a private single family residence, and neither the residence nor any part thereof shall be used at any time during the term of this Lease by the Tenant for purposes of carrying on any business, profession or trade of any kind, or for any purpose other than as a private single family residence. Neither Tenant nor guests, invitees, agents nor persons residing with Tenant shall perform or permit any practice that may damage the reputation of or otherwise be injurious to the residence or the neighborhood, or be disturbing to other tenants or neighbors or increase the rate of insurance on the residence.

14. **SUBLETTING OR ASSIGNMENT**: Tenant shall neither sublet the residence or any part thereof, nor assign this Lease without, in each case, the written consent of Landlord. If Landlord agrees to an assignment of Lease or sublease, Tenant shall not be released of liability until the Lease terminates.

15. **ALTERATIONS**: Tenant shall make no alterations, additions, painting or wallpapering without the prior written consent of Landlord. Furthermore, Tenant shall not allow or install any major appliances on the premises without Landlord's written consent. All alterations, additions and fixtures shall remain part of the residence.

16. **ENTRY, INSPECTION AND ACCESS BY LANDLORD**: Landlord and/or Landlord's agent(s) shall have the right at all reasonable times during the term of the Lease and any renewal thereof to enter the premises for the purpose of inspecting the premises and all buildings and improvements thereon and/or to perform any necessary repairs or maintenance at the premises.

17. **RIGHT TO SHOW:** Landlord and/or Landlord's agent(s) shall have the right to show the premises to prospective tenants or buyers and may display "For Rent" or "For Sale" signs at the premises. Tenant agrees to allow showings as needed and authorizes Landlord or Landlord's agent(s) to place a lock box on the property for keeping a key in said lock box. Landlord or Landlord's agent shall give Tenant advance notice of any showing. Notice shall be deemed given if Landlord or Landlord's agent(s) speak with the Tenant directly or leave a message with any person answering the Tenant's telephone or leave a voicemail message for the Tenant at any of the Tenant's telephone numbers listed above. Tenant shall hold Landlord, Landlord's agent(s) and any multiple listing service that sponsors a lock box program harmless from any and all liability or obligations or demands against Landlord and Landlord's agent(s) as a result of this authorization except for criminal or gross negligence on the part of Agent or Landlord, including but not limited to any and all liabilities, including attorneys fees and cost incurred by Landlord or Landlord's agent(s) as a result of this authorization. Tenant is advised to safeguard or remove valuables located within said premises and to obtain personal property insurance. More than 2 "refused" showings will result in additional rent of $100.00 per occurrence.

Tenants: _____ Landlord or Landlord's Representative: _____
Premises: 5049 N Newcastle, Chicago 60656

18. **SNOW REMOVAL/ LAWN MAINTENANCE**: Tenant shall remove all snow and ice from sidewalks and driveway to ensure there does not exist a hazardous condition. Tenant shall also be required to keep lawn maintained (cut grass) and keep free from debris.

19. **UTILITIES**: The Tenant is responsible for the timely payment of all utilities, including but not limited to electric, gas, telephone, water, sewer, garbage removal, cable, television, internet, etc.

20. **TENANT HOLD OVER**: If the Tenant remains in possession of the premises or any part thereof after the termination of the Lease by lapse of time or otherwise, then the Landlord may at Landlord's option within thirty (30) days of the termination of the Lease serve written notice upon Ten ant that such holding over constitutes either (a) renewal of the Lease for one year, and from year to year thereafter, at double the monthly rent specified herein for such period, or (b) creation of a month to month tenancy, upon the terms of this Lease except at double the monthly rental, or (c) creation of a tenancy at sufferance, at a rental of $75.00 per day for the time Tenant remains in possession of the premises. If no such written notice is served then a tenancy at sufferance with rental as stated in (c) shall have been created. Tenant shall also pay to Landlord all damages sustained by Landlord resulting from Tenant remaining in possession of the premises.

21. **DEFAULT:** If tenant is in default in the payment of the above rent, or any part thereof, or in any of the covenants herein contained, Landlord may at any time at Landlord's election declare the term of the Lease ended and reenter the premises with or (to the extent permitted by law) without notice or process of law, and remove Tenant and any other persons occupying the premises, without prejudice to any remedies which might otherwise be used for arrears of rent, and Landlord shall have at all times the remedy of distraint for rent due, and shall have a valid and first lien upon all personal property which Tenant now owns, or may hereafter acquire or have an interest in, which is by law subject to such distraint, as security for payment of the rent herein reserved. Immediate termination and forfeiture of the Lease shall result if Tenant fails to make payment in full of all amounts due within five (5) days of the date of service of written notice of eviction for failure to pay rent.

22. **LIMITATION OF LIABLTY**: Except as provided by Illinois statute, the Landlord shall not be liable for any damage occasioned by failure to keep the Premises in repair, and shall not be liable for any damage done or occasioned by or from plumbing, gas, water, steam or other pipes, sewerage, or the bursting, leaking or running from any cistern, tank, washstand, water closet or waste pipe, in, above, upon or about the Premises, nor for damage occasioned by water, snow or ice, being upon or coming through the roof, skylight, trap door or otherwise, nor for any damage arising from acts or neglect of any owners or occupants of adjacent or contiguous property.

23. **INSURANCE PROTECTION**: Tenant is responsible for obtaining insurance protections on Tenant's own personal property, and personal liability coverage. Tenant will obtain a Renter's Insurance Policy covering Tenant's personal property for its full insurable value and with minimum liability limits of $------ per person and $100,000 per occurrence, and shall maintain such coverage in full force and effect so long as this lease is in force (including renewals or extensions) or Tenant is in possession of the Premises. Tenant shall provide Landlord with a cop y of the Declarations page of the policy, and shall give Landlord notice within 24 hours of receipt if Tenant receives a notice of intent to cancel or cancellation of the policy. Landlord reserves the right to modify limits of liability if required to do so by Landlord's primary or umbrella carrier(s) and Tenant agrees to increase liability coverage if requested to do so by Landlord.

24. **AS-IS**: Property is being rented in its current condition. Any alterations to the current property by tenant must be submitted in writing and approved or denied by Landlord.

25. **ABANDONMENT**: If at any time during the term of this Lease Tenant abandons the Premises, Landlord may, at Landlord's option, obtain possession of the Premise s in the manner provided by law, without becoming liable to Tenant for damages or for an y payment of any kind whatsoever. If Landlord's right of reentry is exercised following abandonment of the Premises by Tenant, then Landlord shall consider any personal property belonging to Tenant and left on the Premises to also have been abandoned, in which case Landlord may dispose of all such personal property in any manner Landlord shall deem proper, and Landlord is hereby relieved of all liability for doing so.

26. **FIRE OR CASUALTY**: If the premises are rendered untenantable by reason of fire or other casualty which is not the fault of the Tenant, the Landlord may, at Landlord's option, repair the premises within thirty (30) days or terminate this lease. In the event of repair, rent shall abate during such period as the premises are untenantable; in the event of termination, rent shall be prorated to the date of the fire or other casualty.

27. **EMINENT DOMAIN**: If the whole of or any substantial part of the Premises is taken by any public authority under the power of eminent domain, or taken in an y manner for any public or quasi-public use, so as to render the remaining portion of the Premise s unsuitable for residential use, then the Term will cease as of the da y possession will be taken by such public authority, and rent prorated to the d ay possession is taken. All damages awarded for such taking under the power of eminent domain or any like proceedings will belong to and be the property of Landlord; Tenant hereby assigns to Landlord Tenant's interest, if any, in such award.

28. **ATTORNEY'S FEES**: Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of rents or gaining possession of the Premises, Ten ant agrees to pay all expenses so incurred, including reasonable attorney's fees and costs.

29. **LATER SALE/REALTOR®**: Should Landlord and Ten ant enter into any agreement pertaining to the sale of the premises to the Tenant during or after the term of this Lease agreement or any extension thereof, both parties do hereby agree that their respective REALTOR(S)® were the procuring cause of this transaction and will pay brokerage compensation as agreed in the leasing listing agreement.

30. **SEVERABILITY**: If any provision of the Agreement or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, then the balance of this Agreement will not be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

Tenants: _____ Landlord or Landlord's Representative: _____
Premises: 5049 N Newcastle, Chicago 60656

DocuSign Envelope ID: B5CBC329-8589-4267-BC83-FC51DF8499D2

Tenants: _____ Landlord or Landlord's Representative: _____
Premises: 5049 N Newcastle, Chicago 60656

DocuSign Envelope ID: B5CBC329-8589-4267-BC83-FC51DF8499D2

**FOR INFORMATION ONLY**

| | |
|---|---|
| (312) 833-0935 (Heather) | 773-893-1250 |
| Tenant's Cell Phone Number(s) | Landlord's Cell Phone Number(s) |
| | |
| Tenant's Other Phone Number(s) | Landlord's Other Phone Number(s) |
| htolaro27@gmail.com | chicagoleaseinfo@invitationhomes.com |
| Tenant's E-Mail Address | Landlord's E-Mail Address |
| | |
| Tenant's E-Mail Address | Landlord's E-Mail Address |
| Tenant's Broker      MLS# | Landlord's Broker      MLS# |
| | Anthony Zammitt |
| Tenant's Designated Agent      MLS# | Landlord's Designated Agent      MLS# |
| | 202-316-0524 |
| Phone      Fax | Phone      Fax |
| | azammitt@invitationhomes.com |
| Tenant's Designated Agent's E-Mail | Landlord's Designated Agent's E-Mail |
| Tenant's Attorney | Landlord's Attorney |
| Phone      Fax | Phone      Fax |
| Tenant's Attorney's E-Mail | Landlord's Attorney's E-Mail |

Copyright 2007-2012 Heartland REALTOR® Organization. All rights reserved. Unauthorized duplication or alteration of the form or any portion thereof is prohibited. Revised 09/12

LF

Tenants: _____  Landlord or Landlord's Representative: _____
Premises: 5049 N Newcastle, Chicago 60656

DocuSign Envelope ID: B5CBC329-8589-4267-BC83-FC51DF8499D2

# ILLINOIS ASSOCIATION OF REALTORS

## PRE-1978 HOUSING RENTAL AND LEASES DISCLOSURE OF INFORMATION

## LEAD-BASED PAINT AND/OR LEAD BASED PAINT HAZARDS

**Lead Warning Statement**

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention.

**Lessor's Disclosure (initial)**

_____ (a) Presence of lead-based paint and/or lead-based paint hazards (check one below):

☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain):
_____

[NE] ☑ Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

_____ (b) Records and Reports available to the lessor (check one below):

☐ Lessor has provided the lessee with all available records and reports pertaining to lead-based paint and/or lead-based hazards in the housing (list documents below):
_____

[NE] ☑ Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Lessee's Acknowledgment (initial)**

_____ (c) Lessee has received copies of all information listed above.

_____ (d) Lessee has received the pamphlet *Protect Your Family From Lead in Your Home*.

**Agent's Acknowledgment (initial)**

_____ (e) Agent has informed the lessor of the lessor's obligations under 42 U.S.C. 4852 d and is aware of his/her responsibility to ensure compliance.

**Certification of Accuracy**

The following parties have reviewed the information above and certify to the best of their knowledge, that the information they have provided is true and accurate.

Lessor _[signed: my / As Authorized Signor for THR Property Illinois L.P., A Delaware Limited Partnership]_ Date 9/23/2013    Lessee _[signed]_ Date 9/23/2013

Lessor _____ Date __/__/__    Lessee _____ Date __/__/__

Agent _[signed]_ Date 9/23/2013    Agent _____ Date __/__/__

Property Address: _____

Form 421    Revised 10/96    (This disclosure form should be attached to the Lease)

DocuSign Envelope ID: B5CBC329-8589-4267-BC83-FC51DF8499D2

31. **BINDING EFFECT**: The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives and assigns of the parties hereto.

32. **DESCRIPTIVE HEADINGS**: The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations of the Landlord or Tenant.

33. **NON-WAIVER**: No indulgence, waiver, election or non-election by Landlord under this Agreement shall affect Tenant's duties and liabilities hereunder.

34. **NOTICE**: Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if delivered in person to Tenant in accordance with Illinois law, or if sent by United States certified mail, return receipt requested, at the address set forth on page one (1) for Landlord and Tenant.

35. **LEAD BASED PAINT DISCLOSURE:** If applicable, prior to signing this Lease, Tenant *[check one]* X has_ has   not   received   a completed Lead-Based Paint Disclosure; *[check one]* X has_ has not received the EPA Pamphlet, "Protect your Family From Lead in Your Home."

36. **COUNTERPARTS; ELECTRONIC SIGNATURES:** This lease may be executed by facsimile or other electronic signatures and/or in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

If Licensee is acting as a Dual Agent, Landlord and Tenant should initial the immediately succeeding paragraph.

37. _____ **CONFIRMATION OF DUAL AGENCY:** The Landlord and Tenant confirm that they have previously consented to_____(Licensee) acting as a Dual Agent in providing brokerage services on their behalf and specifically consent to Licensee acting as a Dual Agent with regard to this Lease transaction.

38. **ADDITIONAL PROVISIONS; DISCLOSURES:** _____

_____
_____
_____
_____
_____
_____

Dated: 9/23/2013

Tenant's Signature

Dated: 9/23/2013

Landlord's Signature - *authorized signer for THR Property Illinois, LP, a Delaware Limited Partnership*

Tenant's Signature                                    Landlord's Signature

Tenants: _____ Landlord or Landlord's Representative: _____
Premises: 5049 N Newcastle, Chicago 60656

DocuSign Envelope ID: B5CBC329-8589-4267-BC83-FC51DF8499D2

 

# TENANT RESPONSIBILITIES

#003A

1. **REPORTING OF PROBLEMS:** It is Tenant's responsibility to report problems immediately upon detection of the problem so that the problem can be resolved promptly.

2. **NO WATER BEDS:** Water beds of any type are prohibited. Disregard of this regulation will automatically result in forfeiture of rental security deposit and eviction of Tenant.

3. **NOISE:** Tenant must have consideration for the peace, quiet and enjoyment of other people. Loud music or noisy parties are not allowed.

4. **TEMPERATURE:** Tenant must maintain the temperature in the leased residence at least 55 degrees and all air registers must be kept open at all times to prevent freezing of plumbing pipes in Winter.

5. **JANITORIAL SERVICE:** No janitorial service is provided.

6. **CARE AND USE OF PLUMBING FIXTURES AND BATHROOM EXHAUST FAN:** Tenant must use due care and diligence to avoid overflowing any plumbing fixtures and a suitable bath mat must be placed in front of the bathtub and shower door/curtain must be closed when in use. If Tenant fails to follow these terms and such failure results in damage to the residence or other areas of the building, Tenant shall be responsible for the cost of repairs. To prevent mildew damage, the bathroom exhaust fan should not be disconnected at any time, and be utilized whenever the shower or bath are in use.

7. **GARBAGE:** All garbage must be placed in a plastic container before being placed at the street. Tenant is responsible for contracting for garbage removal.

8. **BURNING:** Burning on the premises is prohibited.

9. **YARD MAINTENANCE:** Tenant will keep yard free of debris and personal items and will mow lawn on a weekly basis as necessary. Tenant will take care fully of all rose, perennials, bushes, trees, etc. This is to include weeding, hoeing, mulching, and watering, etcetera.

10. **CLOTHES LINES:** No exterior clothes lines will be allowed.

11. **VEHICLES:** Tenant will not allow any non-operable car or vehicle to remain on premises over 10 days. Tenant will not park automobiles, motorcycles, snowmobiles, boats, trailers, campers, etc. on lawn area. Tenant herewith authorizes Landlord to arrange for the removal, towing, and storage of any such items found in violation of this paragraph. Such personal property will be withheld from Tenant until Tenant has paid for removal and/or storage.

12. **PET WASTE:** If a pet is allowed under the terms of the lease, it is the Tenant's responsibility to remove said waste on a daily basis.

13. **WATER SOFTENER AND FURNACE FILTERS:** If the premise is equipped with a water softener, Tenant shall keep the water softener maintained and supplied with salt. The Tenant shall also replace the furnace filters every 60 days.

14. **FENCES, PARTITIONS, ETC.:** No fences, pools, slide, swing, or the like or other partitions may be erected by Tenant without Landlord's written permission.

15. **WINDOWS:** Tenant is responsible for properly maintaining and closing all windows, screens, screen doors, storm doors, etcetera. Any cost incurred to repair the above will be borne by Tenant.

16. **WINDOW COVERINGS:** Sheets, blankets and the like may not be used for curtains or partitions.

17. **CHANGING OF LOCKS:** Tenant shall not change the locks without Landlord's prior written consent and upon changing the locks shall provide Landlord with a copy of a key.

Tenants: _____ Landlord or Landlord's Representative: _____

1

DocuSign Envelope ID: B5CBC329-8589-4267-BC83-FC51DF8499D2

18. **SECURITY DEPOSIT REFUND REQUIREMENTS**: In order to receive a full return of the entire security deposits, the following items must be completed prior to vacating the premises: a) Shampoo all carpets and wash all hard surface flooring; b) Wash all cabinetry inside and out; c) Clean all appliances, including washer, dryer, refrigerator and scrub stove, oven and broiler. Carefully pull out all appliances and wash sides and backs of appliances and floor beneath; d) Windows and patio doors must be washed as they were cleaned before your occupancy; e) All blinds must be dusted/vacuumed clean; f) Wipe all hand prints, scuff marks, etc. from walls with an appropriate cleaner; g) Clean litter from landscape beds, remove waste from yard and sweep garage; h) Remove ALL refuse and garbage from premises; i) All wood and cabinet surfaces should be cleaned with Murphy's wood soap.

You must have the above performed prior to vacating the premises as any work that must be completed by the Landlord will be at the Tenant's cost at the rate of $50.00 per hour for labor and any material. THE LANDLORD WANTS TO REFUND YOUR ENTIRE SECURITY DEPOSITS AND THE LANDLORD DOES NOT WANT TO CLEAN THE PREMISES AFTER YOU LEAVE.

19. **APPROVAL**: Tenant, by signing below, acknowledges receipt of the Tenant Responsibilities and agrees to comply with said Tenant Responsibilities.

Dated: 9/23/2013

Landlord's Signature — An Authorized signor for THR Property Illinois L.P., A Delaware Limited Partnership

Tenant's Signature

2007 McHenry County Association of REALTORS®. All rights reserved. Unauthorized duplication or alterations of the form or any portion thereof is prohibited. Printed 11/2007

Tenants: _____ Landlord or Landlord's Representative: _____

2