**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HEATHER TOLARO and MICHAEL J. TOLARO, *by his mother, Heather Tolaro*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Invitation Homes L.P. and THR Property Illinois L.P.,<br><br>　　　　　Defendants. | No. 1:14-cv-00794<br><br>Judge Andrea R. Wood |

**DEFENDANT THR PROPERTY ILLINOIS L.P.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR
WANT OF SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM**

Plaintiffs Heather and Michael Tolaro have sued Defendants Invitation Homes L.P. ("Invitation Homes") and THR Property Illinois L.P. ("THR") for alleged breaches of a lease agreement and for representations allegedly made by an agent of Invitation Homes, Anthony Zammitt. Despite being informed of the defects in service, Plaintiffs have not served THR with service of process or a request for waiver of service. Further, even if THR were served, the Complaint fails to state any claim against it. Pursuant to Fed. R. Civ. P. 12(b), THR respectfully requests that the Court dismiss all counts against it for want of service and for failure to state a claim.

**THE COMPLAINT**

Plaintiffs Heather and Michael Tolaro bring this three-count action against Defendants Invitation Homes and THR stemming from Ms. Tolaro's lease agreement with THR of the subject property.[1]

---

[1] Invitation Homes has contemporaneously filed a separate motion to dismiss.

On September 23, 2013, Ms. Tolaro entered into a written lease agreement (the "Contract") with THR for a one-year lease of the subject property. (A copy of the lease agreement is attached to the Complaint as Exhibit B.) As part of the Contract, Ms. Tolaro represented that she had "examined the residence" and acknowledged that she "is satisfied with the present physical condition of the residence and that neither Landlord nor Landlord's agent have made any representations or promises concerning the physical condition except those specifically set forth in this Lease." (Ex. B to Compl. ¶ 12.) The Contract also made clear that the property was being rented "As-Is," that is, "in its current condition." (*Id.* ¶ 24.) Finally, the Contract contained a limitation of liability clause, which stated that "[e]xcept as provided by Illinois statute, the Landlord shall not be liable for any damage occasioned by failure to keep the Premises in repair, and shall not be liable for any damage done or occasioned by . . . water, snow or ice, being upon or coming through the roof, skylight, trap door or otherwise." (*Id.* ¶ 22.)

Months after moving into the subject property, Plaintiffs allege they became ill and attribute their alleged illness to "dangerous" levels of "mold count." (Compl. ¶¶ 17-20.) Based on these allegations, Plaintiffs assert claims for breach of contract, negligence, and fraud against THR and Invitation Homes.

Plaintiffs' Complaint against THR should be dismissed. First, Plaintiffs have failed to even attempt to serve, or seek waiver of service on, THR. Second, Plaintiffs' substantive claims fail for a number of reasons, not the least of which is that the representations Plaintiffs rely on to establish their claims are not contained anywhere in the Contract, which is the *only* existing contract between THR and Ms. Tolaro. (*See* Ex. B to Compl.) Rather, all of the representations Plaintiffs claim to be fraudulent were allegedly made by Invitation Homes, either on its website or through the person Plaintiffs identify as its agent, Anthony Zammitt. Further, none of the

statements Plaintiffs identify give rise to an actionable claim of fraud in any event. For these

reasons, set forth in more detail below, all counts against THR should be dismissed.

## ARGUMENT

### I.   THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS TO THR UNDER RULE 12(B)(5) BECAUSE PLAINTIFFS FAILED TO SERVE THR.

Plaintiffs' Complaint should be dismissed in its entirety under Rule 12(b)(5) for lack of

service of process on THR. As the Court's docket reveals, a summons was issued on March 6,

2014. (*See* Case Docket.) To this day, however, that summons has not been served, nor have

Plaintiffs requested that THR accept a waiver of service. Indeed, Plaintiffs acknowledged their

failure of service in Defendants' Motion to Extend Time to Respond. (Dkt. No. 21 ¶ 2.)

If a plaintiff does not serve defendant within 120 days of filing the complaint, the court

may dismiss the action without prejudice, unless the plaintiff shows good cause for the failure.

*Lee v. Wells Fargo Bank, N.A.*, No. 12 C 04721, 2013 U.S. Dist. LEXIS 33616, 2-3 (N.D. Ill.

Mar. 12, 2013) (citing Fed. R. Civ. P. 4(m)). "[V]alid service of process is necessary to assert

personal jurisdiction over a defendant." *Villalobos v. Castañeda*, No. 12 C 8218, 2013 U.S. Dist.

LEXIS 140021 (N.D. Ill. Sept. 27, 2013) (quoting *Mid-Continent Wood Prods., Inc. v. Harris*,

936 F.2d 297, 301 (7th Cir. 1991)). Rule 12(b)(5) allows defendants to assert the defense of

insufficient service of process by motion. Fed. R. Civ. P. 12(b)(5).

"Once a defendant has challenged the sufficiency of service of process with a motion to

dismiss under Rule 12(b)(5), the burden is upon the plaintiff to make a prima facie showing that

there was proper service," *Lee*, 2013 U.S. Dist. LEXIS 33616 at 2-3. Here, Plaintiffs can

provide no excuse for their failure to serve THR with summons or a request for waiver. Indeed,

as part of the parties' agreement, THR had even agreed to accept a waiver of service and waive

the 60-day timeframe to answer or otherwise plead so long as Plaintiffs "promptly serve[d]" the waiver. (Dkt. No. 21 ¶ 8.)

Plaintiffs likely will argue that THR waived any objection to service by appearing in this Court to file a Motion to Extend Time on behalf of Defendant Invitation Homes, which included an agreement on behalf of THR to waive the 60-day timeframe provided in Rule 12(a)(1)(A)(ii) for responding to a request for waiver. Plaintiffs are wrong. *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 677 F. Supp. 289 (M.D. Pa. 1987) (entrance of general appearance in federal court, filing an unopposed motion for extension of time to respond to complaint and entering into and complying with stipulations which stated it did not impair right to raise any defense do not waive objection to service). The fact that THR is aware of the Complaint and that an appearance was filed on its behalf is of no moment. "Although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction. Inquiry into the propriety of service is separate from, and in addition to, the due process concerns present in an inquiry into the notice itself." *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 492 (3d Cir. Pa. 1993). Thus, "[n]otice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service." *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453-54 (7th Cir. 2000); *see also Mid-Continent Woods Prods., Inc.*, 936 F.2d at 301 ("[I]t is well recognized that a defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." (internal quotation marks omitted)).

In violation of the parties' agreement, Plaintiffs failed to seek a waiver of service of process or to effectuate service on THR.  (Dkt. 21 ¶ 8.)  The Complaint should therefore be dismissed under Rule 12(b)(5).

## II.   ALL COUNTS OF PLAINTIFFS' COMPLAINT SUFFER FATAL FLAWS WARRANTING DISMISSAL UNDER RULE 12(B)(6).

### A.   Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted.  As the Supreme Court made clear in *Twombly* and *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [pursuant to Fed. R. Civ. P. 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  Thus, while courts must accept the well-pleaded facts in the complaint as true, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *See Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013).

Even more is required for fraud allegations, like Count III of Plaintiffs' Complaint. Federal Rule of Civil Procedure 9(b) requires plaintiffs alleging fraud to "state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).  In other words, plaintiffs must provide the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (internal quotation marks omitted).

5

**B.      Count I (Breach of Contract) Should Be Dismissed Because Plaintiffs Do Not Allege Any Breaches of the Contract Between Ms. Tolaro and THR.**

Despite attaching the Contract as Exhibit B to the Complaint, Plaintiffs do not identify a single provision of the Contract that was allegedly breached.  Plaintiffs' failure to do so necessarily defeats any breach of contract claim against THR.

Rather than identifying provisions of the Contract that THR allegedly breached, Plaintiffs attempt to plead a breach of contract action based entirely on THR's alleged failure to perform consistent with certain statements either contained on Invitation Homes' website, on Invitation Homes' posting to the Multiple Listing Service, or made by Anthony Zammitt, an alleged "employee of [Invitation Homes]."  (Compl. ¶¶ 11-14.)  Specifically, Plaintiffs allege Invitation Homes and THR induced Ms. Tolaro to enter into the lease by promising "that *Invitation Homes* would perform a 250 point inspection before [Plaintiffs] moved into the Subject Property that would presumably include a test for mold, that the renovations made by [*Invitation Homes*] to the Subject Property had been performed in a professional and workmanlike manner, that the Subject Property had not experienced any flooding or water leakages, and that [*Invitation Homes*] would professionally manage the Subject Property during the term of the Lease" — promises Plaintiffs claim were not fulfilled.  (*See* Compl. ¶¶ 22, 23 (emphasis added).)

Nowhere does the Contract between Plaintiffs and THR mention the performance of any of these alleged promises.  Missing from the Contract are any provisions where THR promised to perform a 250-point inspection, an inspection for mold, renovations in a workmanlike manner, or that professional management of the property by Invitation Homes would occur.  (*See generally* Ex. B to Compl.)  Absent any identified promises or provisions of the Contract that were allegedly breached, Plaintiffs' allegations fail to state a breach of contract claim.  *See LaSalle Bank Nat'l Assoc. v. Paramont Props.*, 588 F. Supp. 3d 844, 856-57 (N.D. Ill. 2008) (dismissing,

with prejudice, defendants' final basis for their breach of contract counterclaim for "fail[ing] to state a breach of contract claim because no provision, express or implied, of the [contract] required [plaintiff] to" act in a manner that defendants claimed was breached).

Indeed, the Contract actually contains an express disclaimer refuting the claims Plaintiffs allege here, and instead making clear that the "tenant is satisfied with the present physical condition of the residence and that *neither Landlord nor Landlord's agent have made any representations or promises concerning the physical condition except those specifically set forth in the Lease*." (Ex. B to Compl. ¶ 12 (emphasis added); *see also id.* ¶ 24 (explaining that property is being rented "As-Is").) This disclaimer bars Plaintiffs from mounting a breach of contract or fraud claim based on representations contrary to those contained in the lease agreement. *See Kagan v. Freedman*, 55 A.D. 3d 558, 559 (N.Y. App Div. Oct. 7, 2008 (Slip. Op.) (affirming grant of summary judgment to defendants in breach of contract and fraud case based on toxic mold contamination because real property purchase contract contained a specific disclaimer that the contract was executed in reliance upon contrary oral representations as to the condition of the property and that the property was sold "as is"); *see also Worldcom Network Servs., Inc. v. UMG Commcn's Groups, Inc.*, No. 97 C 5867, 1998 WL 341830, at *4 (N.D. Ill. 1998) (merger clause demonstrated that plaintiff was reasonably entitled to rely on the language of the agreement but not on earlier promises made by the defendant).

Because Plaintiffs fail to allege a single representation made or breached by THR, Count I must be dismissed. Furthermore, any attempts to establish an oral contract between THR and Ms. Tolaro should also be dismissed for the reasons stated in Invitation Homes' contemporaneously-filed motion to dismiss, which are incorporated by reference herein. (*See* Invitation Homes Mot. to Dismiss at 8-9.)

7

### C.     Count II (Negligence) Should Be Dismissed Because THR Owes No Duty to Plaintiffs.

In support of their negligence claim in Count II, Plaintiffs allege that "[Invitation Homes] and THR assumed a duty" to inspect and maintain the property in a safe condition and "breached said duties and were negligent by not inspecting the Subject Property and permitting the mold count existing at the Subject Property to be at dangerous and toxic levels." (Compl. ¶¶ 26, 27, 29.) Plaintiffs rely entirely on allegations of a post-hoc finding of elevated mold spores for their contentions that the property was not inspected prior to Plaintiffs moving in and that Invitation Homes and THR had any actual or constructive knowledge of the alleged mold spores. These allegations are utterly insufficient to establish negligence, and should be dismissed.

"[I]n Illinois as a general rule landlords are not liable for injuries on premises leased to and under the control of a tenant." *Enis v. Ba-Call Bldg. Corp.*, 639 F.2d 359, 361 (7th Cir. 1980). This rule is subject to limited exceptions in cases where the landlord has breached local law or voluntarily undertaken action and done so negligently. *Duncavage v. Allen*, 497 N.E.2d 433, 439 (Ill. App. Ct. 1986). The Complaint is utterly devoid of allegations that THR controlled the basement, where elevated mold counts were allegedly found; that THR breached any local ordinance; or that THR undertook to remedy the condition and did so negligently. Thus, Plaintiffs cannot establish a duty on the part of THR, defeating their negligence claim.

Plaintiffs may argue THR owed a duty to Ms. Tolaro because THR had actual knowledge of — and fraudulently concealed — the dangerous condition of elevated mold counts or because the elevated mold counts constituted a latent defect of which THR had constructive notice. For the reasons set forth in Part II.D, below (THR's motion to dismiss Count III), Plaintiffs' claim for fraudulent concealment fails. And Plaintiffs offer no allegations from which this Court can find that elevated mold counts constituted a latent defect of which THR had constructive notice.

"Constructive notice can be established under Illinois law under two alternative theories: (1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, . . . or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Anderson v. Chi. Land Trust Co.*, No. 10 C 139067, 2013 U.S. Dist. LEXIS 139067, at *26 (N.D. Ill. Sept. 27, 2013). "In a constructive notice case the time element to establish constructive notice is a material factor and it is incumbent upon the plaintiff to establish that the condition was present long enough to constitute constructive notice." *Id.* (internal quotation marks and citation omitted). Here, Plaintiffs do not allege that elevated mold counts were a recurring incident, nor do they provide a timeframe for how long the condition was present. (*See* Compl. ¶ 29.) Because Plaintiffs do not include any allegations from which it could plausibly be inferred how long the alleged elevated mold counts were present or that they were recurring in nature, Plaintiffs' attempt to establish constructive notice of a dangerous condition fails, *Anderson*, 2013 U.S. Dist. LEXIS 139067, at *26. Plaintiffs' negligence claim fails along with it, and should therefore be dismissed.[2]

**D.      Plaintiffs' Fraud Claim Must Be Dismissed as to THR Because Plaintiffs Fail to Allege THR Made Any False Statements of Material Fact.**

In Count III, Plaintiffs allege that an agent of Invitation Homes represented that there had not been flooding or water leakages and that the subject property had been inspected and renovated, statements which Plaintiff claim were untrue when made. (Compl. ¶ 33-36.) According to Plaintiffs, these representations were false when made and were made with the

---

[2] Furthermore, the Limitation of Liability contained in paragraph 22 of the Contract expressly precludes liability of THR for common law negligence claims stemming from failure to keep the premises in repair or for damage occasioned by water, like that alleged in this case. (*See* Ex. B to Compl. ¶ 22.)

purpose of inducing Ms. Tolaro to enter into the Contract with THR. (Compl. ¶ 33.) These allegations do not state a claim for fraud.

"A plaintiff alleging fraud [under Illinois law] must prove by clear and convincing evidence that (1) the defendant made a false statement of material fact; (2) the defendant knew that the statement was false; (3) the defendant intended that the statement induce plaintiff to act; (4) the plaintiff justifiably relied upon the statement's truth; and (5) the plaintiff suffered damages as a result of relying on the statement." *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 881-882 (7th Cir. 2005). Under the heightened federal pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff "alleging fraud . . . must state with particularity the circumstances constituting fraud." Fed. R. Civ. P 9(b). "This heightened pleading requirement is a response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "The circumstances of fraud or mistake include the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (internal quotation marks omitted).

Plaintiffs' fraud claim fails against THR for the simple reason that Plaintiffs' do not allege that THR, or an agent thereof, made a single false statement of material fact. Instead, each representation cited in the Complaint was allegedly made by *Invitation Homes*, either on its website, on the multiple listing service, or through its agent. (*See* Compl. ¶ 11 (referring to representation made by Anthony Zammitt, "an employee and agent of [Invitation Homes]"); ¶ 12 (referring to representations made on Invitation Homes' website); ¶¶ 13-14 (noting that

Invitation Homes posted a description of the property on the multiple listing service, which stated the property had an "awesome rehab" and "finished" basement); *see also id.* ¶¶ 33-34 (incorporating statements in Paragraphs 11-14 as the basis for fraud claim).)

Even if Plaintiffs alleged that THR made false statements of material fact with knowledge of such falsity, the Contract between THR and Ms. Tolaro bars Plaintiffs from basing their fraud claim on representations not contained in it. Specifically, paragraph 12 of the Contract contains a no reliance clause, which states that "Tenant is satisfied with the present physical condition of the residence and that neither Landlord nor Landlord's agent have made any representations or promises concerning the physical condition except those specifically set forth in the Lease." (Ex. B to Compl. ¶ 12.) Furthermore, paragraph 24 of the Contract makes clear that the property is being rented "As-Is" — that is, "in its current condition." (*Id.* ¶ 24.) "The Seventh Circuit has held that no-reliance clauses are enforceable in Illinois." *Vanco US, LLC v. Brink's, Inc.*, No. 09 C 6416, 2010 U.S. Dist. LEXIS 133997, at *10 (N.D. Ill. Dec. 14, 2010). Thus, these express disclaimers bar Plaintiffs from basing their fraud claim on representations not contained in the Contract. *Id.* at *11 (dismissing claim for fraud in the induced based on statements made before the agreement was executed); *see also, e.g.*, *Tirapelli v. Advanced Equities, Inc.*, 813 N.E.2d 1138, 1144-45 (Ill. App. Ct. 2004) ("Parties to contracts who do want to head off the possibility of a fraud suit will sometimes insert a 'no-reliance' clause into their contract. Since reliance is an element of fraud, the clause, if upheld precludes a fraud suit.") (quoting *Vigortone AG Prods., Inc. v. PMAG Prods., Inc.*, 316 F.3d 641, 644 (7th Cir. 2002)); *Props. Unlimited, Inc. Realtors v. Cendant Mobility Servs.*, No. 01 C 8375, 2002 WL 1147460, at *2 (N.D. Ill. May 28, 2002) ("[A] party cannot justifiably rely on allegedly false inducements to enter into an agreement if the subject matter of the representations has been

11

integrated into an unambiguous contract provision"); *Kagan v. Freedman*, 55 A.D. 3d 558, 559 (N.Y. App Div. Oct. 7, 2008) (Slip. Op.) (affirming grant of summary judgment to defendants in breach of contract and fraud case based on toxic mold contamination because real property purchase contract contained a specific disclaimer that the contract was executed in reliance upon contrary oral representations as to the condition of the property and that the property was sold "as is").

For all of these reasons, and for the additional reasons set forth in Invitation Homes' contemporaneously-filed motion to dismiss (*see* Invitation Homes Mot. to Dismiss at 11-13), which THR incorporates by reference herein, Plaintiffs' fraud claim should be dismissed.

## CONCLUSION

For all these reasons, THR respectfully asks this Court to dismiss all Counts of the Complaint, in their entirety, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

Dated: May 12, 2014

Respectfully submitted,

THR PROPERTY ILLINOIS L.P.

By Its Attorneys:

s/ *Elizabeth J. Marino*
Morgan R. Hirst
Elizabeth J. Marino
JONES DAY
77 West Wacker Drive, 35th Floor
Chicago, IL 60601
Tele.: (312) 782-3939

## NOTICE OF AFFILIATES

The undersigned counsel of record hereby certifies, pursuant to N.D. Ill. Local Rule 3.2 and Federal Rule of Civil Procedure 7.1, that THR Property Illinois L.P. has no publicly held affiliates.

Dated:  May 12, 2014

Respectfully Submitted

s/  *Elizabeth J. Marino*

Morgan R. Hirst
Elizabeth J. Marino
Jones Day
77 W. Wacker Drive
Chicago, Illinois  60601-1692
 (312) 782-3939
 (312) 782-8585 facsimile
mhirst@jonesday.com
ejmarino@jonesday.com

Counsel for Defendant
THR PROPERTY ILLINOIS L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2014, I electronically filed the foregoing unopposed **MOTION TO DISMISS OF DEFENDANT THR PROPERTY ILLINOIS L.P.** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record at their e-mail address on file with the Court:


s/ *Elizabeth J. Marino*

Attorney for Defendant
INVITATION HOMES L.P. and
THR PROPERTY ILLINOIS L.P.