**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HEATHER TOLARO *individually and as* *mother and next friend of* MICHAEL TOLERO, and MICHAEL TOLERO, *Individually*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:14−CV−00794 |
| INVITATION HOMES L.P. and THR PROPERTY ILLINOIS, L.P., | ) ) ) | |
| Defendant. | ) ) | |

<u>**MOTION TO COMPEL**</u>

Plaintiffs, HEATHER TOLARO individually and as mother and next friend of

MICHAEL TOLERO, and MICHAEL TOLERO, individually, by and through their undersigned

attorneys and pursuant to Federal Rule of Civil Procedure 37 for their Motion to Compel, state as

follows:

1.      This is a case involving a mother and child who were permanently injured as a

result of exposure to toxic mold in their rental home.

2.      Fact discovery closes on December 9, 2014.

3.      No depositions have been taken by either party.

4.      All depositions noticed or subpoenaed by Plaintiffs have been cancelled by

Defendant.

5.      Defendant has offered dates for the completion of fact witnesses noticed or

subpoenaed by Plaintiff to be completed in December.

6.      On September 3, 2014, Plaintiff served the First Request for Production of Documents pursuant to Federal Rule of Civil Procedure 34 via email and U.S. Mail. (Plaintiff's Production Requests attached as Exhibit "A" and incorporated herein)

7.      Seventy-six days after receiving the request, on November 18, 2014, Defendants submitted their objections to the First Request for Production of Documents pursuant to Federal Rule of Civil Procedure 34 via email and U.S. Mail. (Defendants' Response to Production Response attached as Exhibit "B" and incorporated herein")

8.      On September 9, 2014, Plaintiff served a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) via email and U.S. Mail. (Plaintiffs' Notice of Deposition attached as Exhibit "C" and incorporated herein)

9.      On November 18, 2014, Defendants submitted their objections to Plaintiffs' Notice of Depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) via email and U.S. Mail. (Defendants' Response to Production Response attached as Exhibit "D" and incorporated herein)

10.      On October 3, 2014, and October 16, 2014, counsel exchanged correspondence seeking responses to Defendants' outstanding discovery.

11.      On October 16, 2014, Defendants' counsel stated, "We will endeavor to begin productions early next week."

12.      The parties never agreed to an extension of time for Defendants to file their objections.

13.      Fed. R. Civ. P. 34(b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections. If the responding party fails to make a *timely* objection, or fails to state the reason for

an objection, he may be held to have waived any or all of his objections. *See* 4A *Moore's Federal Practice* para. 34.05[2] (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984).

14.     The assertion of privilege must be ***timely*** and must also be accompanied by sufficient information to allow the Court to rule intelligently on the privilege claim. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541 (10th Cir. 1984),

15.     Federal Rule 34(b) requires that every response "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of item or category, the part shall be specified." Federal Rule of Civil Procedure 34(b), (emphasis added). See, Advisory Committee Note to 1970 Amendment to Rule 34(b), 48 F.R.D. 487, 527 (1970); 8 C. Wright & A. Miller, Federal Practice and Procedure Section 2213 (1970 & Supp.1984). Moreover, the party interposing an objection has the burden of establishing its claim of privilege or protection; a baldfaced assertion (such as made by Defendants here) is insufficient. *E.g., Biliske v. American Live Stock Insurance Co.*, 73 F.R.D. 124, 126 (W.D. Okla. 1977).

16.     Defendants assert the following untimely boilerplate objection to each of Plaintiffs Rule 34 Requests: "Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable law, privilege, doctrine, or immunity. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence."

3

17.     The objections to Plaintiffs' First Request for Production are so broad that is impossible to determine which documents if any are being withheld and which are being produced.

18.     The objections to Plaintiffs' First Request for Production are not timely so there is insufficient time to determine what is being withheld and obtain rulings on the objections prior to the close of discovery.

19.     Defendants filed the following untimely boilerplate objections to each topic defined in Plaintiffs' Rule 30(b)(6) notice: "Defendants object to this topic on the ground that it is overbroad and unduly burdensome to the extent it seeks information not within the custody or control of Defendants. Defendants further object to the extent this topic seeks information protected by the attorney-client privilege or work product doctrine. Subject to, and without waiving these objections, Defendants will produce [individual to testify]"

20.     The objections to Plaintiffs' Notice of Deposition are so broad that is impossible to determine whether the individual being produced will be prepared to testify on the designated topics or not.

21.     The objections to Plaintiffs' Notice of Deposition are not timely so there is insufficient time to determine the import of the objections prior to the close of discovery.

22.     The parties have exchanged emails pursuant to Local Rule 37 regarding these objections and Defendants response is "we have not withheld any non-privileged documents on the basis of our objections. If you have reviewed our production and think there is something you need that your don't have, tell us."

23.     The broad, untimely, objections asserted by Defendants preclude Plaintiffs from determining what if anything is not being produced and certainly not before discovery closes on December 9, 2014.

24.     Defendants' repeated failures to comply with discovery rules have forced Plaintiffs to seek the Court's intervention pursuant to Federal Rule of Civil Procedure 37.

WHEREFORE, for the reasons stated herein, Plaintiffs, HEATHER TOLARO individually and as mother and next friend of MICHAEL TOLERO, and MICHAEL TOLERO, individually, respectfully request that this Court grant the Motion to Compel, Strike Defendants untimely filed objections to both Plaintiffs' First Request for Production and 30(b)(6) Notice of Deposition, order Defendants to produce all documents requested in the First Request for Production of Documents, grant Plaintiffs their reasonable attorneys' fees and costs to pursue this Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(a), and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

Respectfully submitted,

**HEATHER TOLERO and**
**MICHAEL TOLERO**
Plaintiffs,

By: _____/s/*Alexander N. Loftus*_____
         One of their Attorneys

Daniel J. Voelker, Esq.
Alexander N. Loftus, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
T: (312) 870-5430
F: (312) 870-5431
dvoelker@voelkerlitigationgroup.com
alex@voelkerlitigationgroup.com

Paul A. Duffy, Esq.
2 N. LaSalle, 13th Floor

Chicago, Illinois 60602
(312) 952-6136
pduffy@pduffygroup.com

Dated: November 25, 2014

## PROOF OF SERVICE

I, Alexander N. Loftus, certify that I caused a copy of the foregoing **MOTION TO COMPEL** was served upon counsel-of-record listed below via email before 5:00 P.M. on November 24, 2014:

Abby Wakefield, Esq.
Morgan Reid Hirst, Esq.
Jones Day
77 West Wacker Drive
Chicago, IL 60601
(312) 782-3939
Email: awakefield@jonesday.com, mhirst@jonesday.com

By: _____*/s/Alexander N. Loftus*_____
Alexander N. Loftus