**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HEATHER TOLARO and MICHAEL J. TOLARO, *by his mother, Heather Tolaro*, <br><br> Plaintiffs, <br><br> v. <br><br> INVITATION HOMES L.P. and THR PROPERTY ILLINOIS L.P., <br><br> Defendants. | Civil Action No. 1:14-cv-00794 <br><br> Judge Andrea R. Wood |

## <u>DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES</u>

Pursuant to Federal Rule of Civil Procedure 37, and Northern District of Illinois Local Rule 37, Defendants THR Property Illinois L.P. ("THR") and Invitation Homes L.P. ("Invitation Homes," and collectively, "Defendants"), hereby move to compel Plaintiffs Heather Tolaro and Michael Tolaro (collectively, "Plaintiffs") to complete production of documents responsive to Defendants' Requests for Production of Documents, specifically documents relating to Plaintiffs' alleged damages and injuries, responsive to Defendants' Requests for Production Nos. 17, 18, 19, 20, 21, and 26. Defendants further move to compel complete responses to Defendants' Interrogatories relating to Plaintiffs' alleged injuries and damages, specifically Interrogatory Nos. 3 and 13.

## <u>BACKGROUND</u>

On February 2, 2014, Plaintiffs filed the Complaint in the above-captioned case, alleging that Plaintiffs' incurred numerous injuries and damages in an unspecified amount during a period of months that they resided at a property owned by Defendant THR. (Compl., Dkt. 1.) On May

12, 2014, Defendants separately filed motions to dismiss the action in its entirety.  (Dkts. 28, 30.)
Those motions remain pending.

      With the motions to dismiss pending, during a case management hearing on May 20,
2014, the Court instructed the parties to move ahead with discovery.  On July 8, 2014,
Defendants served: (1) Requests for Production of Documents; and (2) Interrogatories, on
Plaintiffs.  Plaintiffs' responded to both sets of discovery requests on August 27, 2014, nearly
two months later.   (Exhs. A (Plaintiffs' Objections and Answers to Defendants' First Set of
Requests for Interrogatories) and B (Plaintiffs' Objections and Answers to Defendants' First Set
of Requests for Production of Documents)).

      In an email regarding those discovery responses, Daniel Voelker, counsel of record for
Plaintiffs, states that with respect to Defendants Requests for Production, "[e]xcept for
preserving privilege, we are not objecting to your requests."  (Ex. C, 8/28/14 email from D.
Voelker to E. Marino, *et al*.)  Despite counsel's assertion, in the intervening two months,
Plaintiffs produced only roughly 140 pages of documents and virtually no documents evidencing
Plaintiffs' medical or other expenses related to their alleged injuries.

      Plaintiffs' interrogatory responses were similarly incomplete.  Critically, in response to
two interrogatories directed at Plaintiffs' alleged injuries and damages, Plaintiffs state that
"Investigation continues."  Nearly five months after these interrogatories were served, and with
discovery set to close on December 9, 2014, Plaintiffs have still not updated these critical
responses.

## STATEMENT PURSUANT TO LOCAL RULE 37.7

      Pursuant to Local Rule 37.2 and the Court's Case Management Procedures on Discovery
Motion Practice, counsel for Defendants has offered on at least three separate occasions to meet

and confer regarding the issues raised in the instant motion, as well as those issues which are the subject of Plaintiffs' Motion to Compel, filed on November 25, 2014. (Dkt. 47; Exs. D, E and F (emails from A. Wakefield to D. Voelker regarding discovery responses).[1] In response to these offers, Plaintiffs' counsel stated that "There is really nothing to talk about." (Ex. D, 11/20/14 email from D. Voelker to A. Wakefield.) Despite Plaintiffs' counsel's statement, on November 24, 2014, Defendants' counsel made one last attempt to resolve these issues without the Court's interference, stating that:

> As we have now repeatedly stated, we are willing to speak with you in an attempt to resolve these issues without involving the Court, but you now state that you are unwilling to do so. We believe these issues can be handled without the Court's interference and that it makes sense to get together and discuss: (1) your issues with our discovery responses and what additional documents – if any – you require; (2) your outstanding discovery; and (3) scheduling of depositions so we can meet the discovery deadline.

(Ex. F, email from A. Wakefield to D. Voelker, *et al*.) But Plaintiffs' counsel instead filed its own Motion to Compel a day later, and indeed has not responded in any way to Defendants' counsel's request for a meet and confer pursuant to Local Rule 37.2. Given Plaintiffs' counsel's refusal to meet and confer on these issues, Defendants have no choice but to file the instant motion.

## ARGUMENT

It has been nearly five months since Defendants served discovery requests on Plaintiffs. Despite having had ample time to collect documents and information responsive to these requests, Plaintiffs have scarcely produced any documents, and critically have produced little to no evidence of their alleged injuries or damages. Additionally, Plaintiffs have not amended their responses to Interrogatory Nos. 3 and 13, which seek information related to Plaintiffs' injuries

---

[1] Discussions by the Parties relating to Rule 408 of the Federal Rules of Evidence have been redacted. *See* Exs. D, E and F.

and damages, respectively, even though they state within those responses that "investigation continues." With discovery set to close in under two weeks, on December 9, 2014, Defendants respectfully request that the Court compel Plaintiffs to produce these documents and responses.

### 1. Legal Standard

A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. Fed. R. Civ. P. 37(a)(3)-(4). The Federal Rules of Civil Procedure provide a court with broad discretion in resolving discovery disputes. *See Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 90 (N.D. Ill. 1992).

Rule 26(b) entitles Defendants to discovery on any non-privileged matter that is relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Information is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts "should and ordinarily [do] interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978); *see also Fields v. GMC*, No. 94-c-4066, 1996 U.S. Dist. LEXIS 206, at *7-8 (N.D. Ill. Jan. 11, 1996) ("Relevance for discovery purposes is much broader than relevance for evidentiary purposes . . . . The information sought need not be admissible at trial, so long as it is 'reasonably calculated to lead to the discovery of admissible evidence.'"). As set forth in more detail below, each of Defendants' outstanding discovery requests easily meet this standard. In order for Defendants to be able to defend this case and prepare for Plaintiff's upcoming deposition, Defendants need the outstanding documents and complete responses to its discovery requests.

2.      *Plaintiffs' Outstanding Productions of Documents*

As noted above, in August, Plaintiffs' counsel stated that "[e]xcept for preserving

privilege, we are not objecting to your requests." (Ex. C). Yet, to date, Plaintiffs have produced

only a handful of records detailing their medical expenses, leaving Defendants with no way to

assess Plaintiffs' alleged damages.   Specifically, Plaintiffs have produced only scant records

showing the medical expenses they incurred during the relevant time period including: a receipt

for a urinalysis totaling $47.50; a receipt from American Medical Labs for $2,049; and a handful

of prescriptions that were filled at a Walgreens (for which no payments appears to have been

required from Plaintiffs). They have produced no medical bills from their treating physicians, no

bank statements evidencing actual payments for medical expenses made by Plaintiffs, and no

insurance records.[2] These documents are plainly relevant to this litigation; indeed they are the

only evidence of Plaintiffs' alleged damages. Defendants request the Court to compel their

production.

3.      *Plaintiffs' Outstanding Interrogatory Responses*

On July 8, 2014, Defendants served their First Set of Interrogatories on Plaintiffs.

Roughly two months later, Plaintiffs responded. (Ex. A). In them, Plaintiffs state that they are

unable to assess (a) the extent of their alleged injuries in response to Interrogatory No. 3, and (b)

the extent of their alleged damages in response to Interrogatory No. 13. (*Id.*). In both, Plaintiffs

state that "Investigation continues." It has now been nearly five months since Defendants served

these interrogatories on Plaintiffs, and they have not supplemented their responses to include the

---

[2] Plaintiffs' have suggested that Defendants were under some obligation to subpoena Plaintiffs' medical
bills in conjunction with their subpoena of Plaintiffs' medical records. (Ex. D, 11/20/14 email from D. Voelker to
A. Wakefield ("With respect to the billings, can you explain why in the subpoenas you issued you did not ask the
medical providers to produce billing records? As you requested, Ms. Tolero signed medical authorizations and we
reasonably anticipated that, in order to avoid multiple subpoenas, you would request all billings as well as medical
records.")). Of course, Defendants are under no obligation to do so, and Plaintiffs never made any such request at
the time the subpoenas were issued. Further, the costs that Plaintiffs actually incurred as a result of their alleged
injuries are uniquely in their possession.

injuries they allege they sustained, nor the damages they are claiming in this case. Discovery is set to close in just over a week, yet Plaintiffs have not provided Defendants with any assessments of their injuries or damages. For that reason, Defendants ask the Court to compel Plaintiffs to respond to Interrogatory Nos. 3 and 13.

## **CONCLUSION**

For the foregoing reasons, Defendants ask the Court to GRANT their Motion To Compel Production Of Documents And Interrogatory Responses, and order:

(a) Plaintiffs to produce all documentary evidence of their alleged damages, including but not limited to: medical records, bank records, and insurance records;

(b) Plaintiffs to produce responses to Defendants' Interrogatory Nos. 3 and 13;

(c) Plaintiffs to pay all attorney fees associated with filing this motion, in particular given Plaintiffs' disregard for Local Rule 37.2 and their unwillingness to meet and confer on these issues[3]; and

(d) Any other relief the Court deems just and appropriate.

---

[3] *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (stating that "a court may assess attorneys' fees for the willful disobedience of a court order . . . when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."); *see also Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994) ("The great operative principle of Rule 37(a)(4) is that the loser pays."); *Stingley v. City of Chicago*, 2009 U.S. Dist. LEXIS 101956, at *5-6 (N.D. Ill. Nov. 3, 2009) ("No litigant . . . has the right to disregard its opponent's letters or telephone calls and ignore for five months its own discovery obligations . . . . All parties are equally obligated to participate fairly and cooperatively in discovery.").

Dated:  December 2, 2014                          Respectfully submitted,


                                                 /s/ Abby A. Wakefield
                                                 Morgan R. Hirst (06275128)
                                                 mhirst@JonesDay.com
                                                 Abby A. Wakefield (6294019)
                                                 awakefield@jonesday.com
                                                 Elizabeth J. Marino
                                                 ejmarino@jonesday.com
                                                 JONES DAY
                                                 77 West Wacker
                                                 Chicago, IL  60601.1692
                                                 Telephone:     +1.312.782.3939
                                                 Facsimile:     +1.312.782.8585

                                                 *Attorneys for Defendants Invitation Homes*
                                                 *L.P. and THR Property Illinois L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I, Abby Wakefield, hereby certify that on December 2, 2014, I electronically filed a copy

of the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which

will send notification of such filing to all counsel of record:

Daniel John Voelker, Esq.
Alexander N. Loftus, Esq.
VOELKER LITIGATION GROUP
311 West Superior Street
Suite 500
Chicago, IL 606054
(312) 870-5430
(312) 870-5420
dvoelker@voelkerlitigationgroup.com
alex@voelkerlitigationgroup.com

Paul A. Duffy
2 North LaSalle
13th Floor
Chicago, IL 60602
(312) 952-6136
pduffy@pduffygroup.com

/s/ Abby A. Wakefield
_____
Abby A. Wakefield