# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEATHER TOLARO and MICHAEL J. TOLARO, )
*by his mother, Heather Tolaro,* )
) 
Plaintiffs, )
) Case No. 1:14-cv-00794
v. )
) Judge Andrea R. Wood
INVITATION HOMES L.P. and THR PROPERTY )
ILLINOIS L.P., )
Defendants. )
)

## PLAINTIFFS HEATHER TOLARO AND MICHAEL J. TOLARO'S ANSWERS AND OBJECTIONS TO DEFENDANTS INVITATION HOMES L.P. AND THR PROPERTY ILLINOIS L.P.'S FIRST SET OF INTERROGATORIES

Plaintiff, HEATHER TOLARO and MICHAEL J. TOLARO, *by his mother, Heather Tolaro*, by and through their undersigned attorneys, for their Answers and Objections to Interrogatories to Plaintiff, propounded by Defendants, INVITATION HOMES L.P. and THR PROPERTY ILLINOIS L.P., state as follows:

## GENERAL OBJECTIONS

A. Plaintiffs object generally to the Interrogatories to the extent that any interrogatory calls for information prepared in anticipation of litigation, which constitutes attorney work-product, which constitutes an attorney-client communication, or which is otherwise privileged or immune from discovery.

B. Plaintiffs' answers shall not be deemed a waiver of their right to object on any ground to the relevance or admissibility of any portion of the information or documents contained or referenced in these responses, and Plaintiffs expressly reserve all such objections. Plaintiffs' responses to the Interrogatories to Defendants shall not be deemed a waiver of any general or specific objections set forth below, and Plaintiffs expressly reserve all

1

such objections. Plaintiffs expressly reserve the right to supplement, amend or correct these answers.

## ANSWERS TO INTERROGATORIES

1.  Identify and describe with specificity the representations You allege in Paragraphs 11 through 14 of Your Complaint were [sic] made by Anthony Zammit, including but not limited to

    (i) the content of the representations;

    (ii) the date(s) the representations were made;

    (iii) the form (such as oral or written) the representations were made.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state as follows:

Anthony Zammit ("Zammit") was the listing agent for the Property and, upon information and belief, is an employee of Invitation Homes. Heather Tolaro attended a viewing of the Property and noticed possible water damage in the basement, particularly at the bottom of the walls. Heather Tolaro inquired about the history of the Property in terms of flooding or water damage. Zammit responded via e-mail on September 24, 2013, that "the ring around the basement is from tile being removed." In addition, Zammit also advised Heather Tolaro prior to entering into the lease for the Property that the Property had been recently renovated.

2.  Describe with specificity the allegedly "repeated[]flood[ing]" that occurred in the basement of the Subject Property you identify in Paragraph 15 of Your Complaint, including but not limited to:

    (i) the date(s) on which the basement of the Subject Property allegedly flooded;

    (ii) the location within the basement the alleged flooding occurred;

    (iii) the extent of the alleged flooding (and specifically, the amount of flooding);

2

    (iv)    reports and/or request for work or service calls You made to either Defendant related to the alleged flooding, including the Person to whom you reported the alleged flooding and the date of the report; and

    (v)    efforts taken by You to remediate the effects of the possible flooding.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state that each and every time it rained, water would leak into the basement. Heather Tolaro recalls a particular instance when, after 24 hours of consistent downpour, approximately one (1) inch of water had accumulated in the middle of the basement floor. Heather Tolaro is in possession of the phone records indicating the number of times she contacted Defendant, Invitation Homes, in order to submit a work order to repair the walls and to stop any further flooding. Defendants dispatched three (3) separate contractors to repair the cracks in the foundation walls, to no avail. Further, Heather Tolaro contacted an Invitation Homes employee, Daniella, with whom Heather Tolaro had spoken regarding the water damage, but when Heather Tolaro attempted to contact said employee on or around December 2013, Heather Tolaro learned that Daniella was no longer employed by Invitation Homes.

**Interrogatory 3:** For each Plaintiff, describe with specificity all specific mental, physical and/or bodily injuries or illnesses suffered as a result of the alleged mold counts in the Subject Property, including:

    (i)    the dates each alleged injury or illness manifested:

    (ii)    all symptoms of each such alleged injury or illnesses and the date each symptom manifested',

    (iii)    the name and address of each and every doctor, physician, psychiatrist, psychologist, counselor or other medical or scientific practitioner who has attributed each Plaintiffs alleged injuries or illnesses to alleged exposure to

3

elevated mold counts, and the name and identify of specific mold spore(s) to which each of the alleged injuries were attributed;

(iv) the dates each Plaintiff was treated or examined by each such doctor, physician, or other medical or scientific practitioner identified in subpart (iii) to this interrogatory;

(v) the information, advice, recommendation, counseling, opinion and/or diagnosis provided by each such doctor, physician, or other medical or scientific practitioner identified in subpart (iii) to this interrogatory; and

(vi) any treatment provided by each such doctor, physician, or other medical or scientific practitioner identified in subpart (iii) to this interrogatory.

**ANSWER:** Subject to and without waiving their General Objections, Heather Tolaro states that ten (10) days after moving into the Property, Tolaro's son, Michael, began developing a rash on various parts of his body, a precursor to the illness resulting from the mold from which he was suffering. Heather Tolaro's symptoms and illnesses are reflected in the documents produced by Plaintiffs to Defendants in discovery. See Plaintiffs' Complaint, Plaintiffs' Rule 26(a)(1) Disclosures and documents produced by Plaintiffs to Defendants in discovery. Investigation continues.

**Interrogatory 4:** State whether, aside from this litigation, either Plaintiff (or anyone acting on either Plaintiffs behalf) has ever made any claim for any physical, psychiatric, psychological or emotional injury or condition, including workers' compensation claims, irrespective of whether a lawsuit was commenced and. if so. provide the following information:

(i) the nature of the injury or condition;

(ii) the date on which and manner in which the injury was incurred;

(iii) the Person or entity to whom the claim was made;

4

(iv) if litigation was commenced, identify the court, the case or docket number, and the status of the litigation; and

(v) whether or not litigation was commenced, state the status or outcome of the claim, including the nature of any settlement and whether any releases were executed and, if so, by whom and in favor of whom.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state that they have never made any other such claims in any other litigation.

**Interrogatory 5:** Describe with specificity all service calls You made to either Defendant related to the Subject Property, including the nature of the request, the date or dates You made such request, the Person or Persons to whom you made such Request, and the fulfillment of such Request.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state that Heather Tolaro telephoned Invitation Homes more than fifteen (15) times and possesses the phone records to substantiate this fact and the dates of the same.

**Interrogatory 6:** Describe with specificity all mold inspections and/or air quality tests performed on the Subject Property, including:

(i) the reason for the inspection:

(ii) the date or dates the inspection and/or test was performed;

(ii) the location of the inspection and/or testing area within the Subject Property;

(iii) the Person or Persons who performed such inspection and/or test; and

(iv) the results of such inspection and/or test.

5

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state that in or around January 2014, a third-party conducted the initial air quality test. See Plaintiffs' Rule 26(a)(1) Disclosures and documents produced by Plaintiffs to Defendants in discovery.

**Interrogatory 7:** Describe with specificity all showings, walk throughs and/or inspections of the Subject Property performed prior to execution of the Lease Agreement on September 27, 2013, including:

    (i) the date or dates of such showings, walk throughs and/or inspections: AND the identity of all other Persons present at the showing, walk throughs and/or inspections

**ANSWER:** Subject to and without waiving their General Objections, Heather Tolaro states that she is the only individual who walked through the Property and that Zammit never met her to conduct a walk through.

**Interrogatory 8:** Describe with specificity all Conversations You have had with representatives from either Defendant, including:

    (i) the date or dates of such Communications,

    (ii) the Person or Persons with whom those Communications were had; and

    (iii) the substance of those Communications.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state that Heather Tolaro engaged in a large number of conversations and correspondence with various Invitation Homes employees that would be better brought forth in a deposition. (See also answers to Interrogatories Numbers 1, 2 and 5).

**Interrogatory 9:** Describe with specificity the process by which You informed either Defendant of the "dangerous and toxic levels of mold" you allege in Paragraph 20 were present in the Subject Property, including the Person or Persons at either Defendant you informed, the date or dates on which

6

You informed either Defendant, and the measure or measures taken by either Defendant in response to your noticed.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state as follows: See answer to Interrogatory Number 8.

**Interrogatory 10:** Describe with specificity the basis for You allegation in Paragraph 28 of the Complaint that Invitation Homes and THR were "aware that there had been extensive flooding and water damage to the basement of the Subject Property."

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state that information provided to Heather Tolaro by Zammitt was false and the basement flooded each and every time it rained. (See also answers to Interrogatory Numbers 1, 2 and 5). In addition, on May 9, 2014, Jim Goldbeck, a former owner of the Property, visited the Property and advised Heather Tolaro that while he occupied the Property, the Property flooded frequently. Mr. Goldbeck can be reached at (773) 771-7668.

**Interrogatory 11:** Identify your residential property history since 2000, including:

    (i). the address of each residence

    (ii) whether You owned or rented the residence;

    (iii) on cases where You rented, the identity of the landlord; and

    (iv) your reason for moving.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs state that prior to moving into the Property, Heather Tolaro and Michael had resided at 4628 N. Lamon Street, Chicago, Illinois 60630 from 2008 to September 2013.

**Interrogatory 12:** Identify each Person who has knowledge of facts relevant to any claim or defense in this lawsuit, describe the scope or subject of each Person's knowledge, and identify whether You have taken any statements from any such Person.

7

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs direct Defendants to their Rule 26(a)(1) Disclosures and documents produced by Plaintiffs to Defendants in discovery. No statements have been taken. (See also answers to Interrogatories Numbers 1, 2, 3, 5, 6 and 8).

**Interrogatory 13:** Identify separately and delineate by claim each and every item of pecuniary or monetary expense, damage, and/or loss which You contend that You have incurred or sustained, will incur or sustain, or which You contend resulted or will result by reason of the facts alleged in the Complaint, together with the manner or method for computing the same. As to each such item, state the following:

    (i)    the amount of the item of expense, damage or loss;

    (ii)    the date that the expense, damage or loss was incurred;

    (iii)    the factual basis of the financial data or figures used to calculate the amount stated in response to subpart; and

    (iv)    the Person or Persons having the most knowledge regarding each item of monetary expense, damage and/or loss.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs direct Defendants to their Rule 26(a)(1) Disclosures and the documents produced by Plaintiffs to Defendants in discovery. Plaintiffs state that they are currently unable to determine the expenses and costs that they will incur in the future from this incident. Investigation continues.

**Interrogatory 14:** Identify all witnesses, whether designated as a lay witness or expert witness, that You may use in any court proceedings in this lawsuit to present evidence, and for each such witness You may use to present evidence under Federal Rule of Evidence 702, 703, or 705, provide all information identified in Federal Rule of Civil Procedure 26(a)(2)(B), including, but not limited to:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for such testimony in the case.

**ANSWER:** Subject to and without waiving their General Objections, Plaintiffs will respond timely to this Interrogatory. See Plaintiff's Rule 26 (a)(1) Disclosures. Investigation continues.

Respectfully submitted,

**HEATHER TOLARO and MICHAEL J. TOLARO,** *by his mother, Heather Tolaro,*
Plaintiffs

By: /s/ Daniel J. Voelker
One of Their Attorneys

Daniel J. Voelker, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500

Chicago, Illinois 60654
T: (312) 870-5430
F: (312) 870-5431
dvoelker@voelkerlitigationgroup.com
Firm No. 48085

Dated: August 27, 2014

## **VERIFICATION**

Under penalties as provided by law the undersigned hereby certifies that the statements set forth in **PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_____Heather tolaro_____    8/27/14
**HEATHER TOLERO**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that the above-captioned Plaintiffs' Answers and Objections to First Set of Defendants' Interrogatories with attached was served to the below-listed person(s) by depositing a copy of the same in the U.S. Mail located at 311 W. Superior Street, Chicago, Illinois 60654, with proper postage prepaid, on August 27, 2014, at or before 5:00 p.m.

Morgan R. Hirst
Elizabeth J. Marino
JONES DAY
77 West Wacker
Chicago, IL 60601-1692

*Attorneys for Defendants Invitation Homes L.P. and THR Property Illinois L.P.*

_[signature]_