IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER TOLARO and MICHAEL J. TOLARO, *by his mother, Heather Tolaro*, <br><br> Plaintiffs, <br><br> v. <br><br> INVITATION HOMES L.P. and THR PROPERTY ILLINOIS L.P., <br><br> Defendants. | Civil Action No. 1:14-cv-00794 <br><br> Judge Andrea R. Wood |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendants THR Property Illinois L.P. ("THR") and Invitation Homes L.P. ("Invitation Homes") (collectively, "Defendants") submit this Response in Opposition to Plaintiffs' Motion to Compel and ask the Court to deny Plaintiffs' motion in its entirety.

### BACKGROUND

On February 2, 2014, Heather Tolaro and Michael Tolaro (collectively, "Plaintiffs") filed the Complaint in the above-captioned case, alleging that Plaintiffs incurred numerous injuries and damages in an unspecified amount during a period of months that they resided at a property owned by Defendant THR. (Compl., Dkt. 1.) On May 12, 2014, Defendants separately filed motions to dismiss the action in its entirety. (Dkts. 28, 30.) Those motions remain pending.

On July 8, 2014, Defendants served Requests for Production of Documents and Interrogatories on Plaintiffs. Plaintiffs did not respond until August 27, 2014, and those

responses included very limited information regarding their alleged damages or injuries.[1] To date, Plaintiffs have produced less than 200 pages of documents, total, with the most recent production that occurred on November 25, 2014, accounting for more than a quarter of their productions to date.

Plaintiffs waited until September 9, 2014 to serve their own Requests for Production of Documents on Defendants. In response to Plaintiffs' requests, Defendants have undertaken extensive document production, which began on October 24, 2014, and continued on a rolling basis for the next few weeks. In the two months following Plaintiffs' requests, Defendants invested significant energy and manpower into putting together complete productions of relevant documents. Among the categories of documents Defendants have produced are emails from former employees, which required Defendants to retrieve inactive email files, corporate records from multiple departments, including work orders related to the property at-issue, title history of the property, photographs of the property, mold inspection reports, financial ledgers for the property, and myriad other documents related to the property. Defendants have even produced records of renovations made to the property after Plaintiffs abandoned it, despite the fact that those records are clearly evidence of Subsequent Remedial Measures pursuant to Fed. R. Evid. 407, and as such, are inadmissible and unlikely to lead to the discovery of admissible evidence. But, in an attempt to avoid needlessly wasting the Parties' and the Court's resources on unnecessary discovery disputes, Defendants produced these records without objection.[2]

While Defendants believe they have produced all responsive, non-privileged documents in response to Plaintiffs' document requests, Defendants have repeatedly made the offer to

---

[1] The shortcomings of Plaintiffs' productions and discovery responses are set forth in Defendants' Motion to Compel Production of Documents and Interrogatory Responses, filed contemporaneously with this response. Indeed, Plaintiffs made their last production on November 25, 2014, after Defendants completed their productions.

[2] Defendants, of course, reserve their right to object to the admissibility of these or any other documents at trial.

Plaintiffs' counsel to indentify the areas where they believe Defendants' productions are lacking. *See e.g.,* Ex. B ("[I]f you feel there is something you have not received in terms of documents, please let us know. We have not withheld any nonprivileged documents on the basis of our objections. If you have reviewed our productions and think there is something you need that you don't have, tell us.").[3] As of the date of filing, Plaintiffs have not done so.

## ARGUMENT

Plaintiffs argue that Defendants' responses to Plaintiffs' Requests for Production of Documents are: (1) untimely and should be stricken; and (2) contain objections that are "so broad that it is impossible to determine which documents if any are being withheld," Pltfs' Mot. at ¶23, and thus are seeking to compel production of unspecified documents. These arguments are meritless.

### A. Defendants Have Produced All Responsive Non-Privileged Documents in Response to Plaintiffs' Document Requests.

Plaintiffs' motion to compel fails at its most fundamental level in that there is nothing to compel. As Defendants' counsel has informed Plaintiffs' counsel, Defendants are not withholding any documents on the basis of the objections contained in their response to Plaintiffs' document requests, excepting privilege. (Ex. B, 11/24/14 email from A. Wakefield to D. Voelker.) As described in the Background section, above, Defendants have conducted a wide-sweeping search for documents responsive to Plaintiffs' document requests, and have produced relevant non-privileged documents to Plaintiffs. Defendants have also repeatedly invited Plaintiffs to review those productions and suggest what documents—if any—they believe have not been produced. (*Id*.) Defendants remain willing to entertain any such suggestion. But Plaintiffs have never provided one.

---

[3] The emails attached as B, C and D have been redacted to the extent they contain discussions of settlement by either party, subject to Rule 408 of the Federal Rules of Evidence have been redacted.

Instead, Plaintiffs have asked the Court to order Defendants to produce all documents responsive to their document requests, but do not identify a single document or category of documents that have not already been produced. Here, where Defendants have already produced substantial documents in response to Plaintiffs' requests, something more than a general demand for the production of discovery is required. *See In re Gen. Instrument Corp.*, 1999 U.S. Dist. LEXIS 18182, No. 96 C 1129, 1999 WL 1072507, at *17 (N.D. Ill. Nov. 18, 1999) (denying plaintiffs' motion to compel where plaintiffs did not identify any specific factual issue for which additional discovery would help them prove their case).

### B. Defendants' Responses to Plaintiffs' Document Requests Were Timely and the Court Should Deny Plaintiffs' Requests to Strike Defendants' Objections.

Defendants' responses to Plaintiffs' discovery requests were timely. As detailed above, Defendants' counsel discussed issues regarding the timing of Defendants' discovery responses on two separate occasions with Plaintiffs' counsel, and understood there to be no issue. (Ex. A, Wakefield Decl.). Indeed, as Plaintiffs' own production of documents in response to Defendants' long-ago served document requests remained outstanding at the time Defendants submitted their own discovery responses—and even as of the date of filing, have incomplete interrogatory responses regarding their alleged damages and injuries—Defendants had reason to infer that their interpretation of the conversations with Plaintiffs' counsel was a reasonable one.

Further, Plaintiffs have not identified any prejudice caused by Defendants' supposedly "late" submission of these responses. Plaintiffs' "obligation to show actual and substantial prejudice is an exacting one." *United States v. Canoy*, 38 F.3d 893, 902 (7th Cir. 1994). The Seventh Circuit has observed that "it is not enough. . . to offer some suggestion of speculative harm; rather, the [movant] must present concrete evidence showing material harm." *United States v. Anagnostou*, 974 F.2d 939, 942 (7th Cir. 1992). *See also United States v. Fuesting*, 845

F.2d 664, 669 (7th Cir. 1988) ("[A]llegations of prejudice must be specific, concrete and supported by the evidence—vague, speculative, or conclusory allegations will not suffice.").

Indeed, Plaintiffs do not allege any prejudice, as none has been suffered. Defendants have offered Plaintiffs multiple opportunities to suggest any documents or categories of documents they believe have not been produced. And, Plaintiffs currently have outstanding documents and incomplete discovery responses, despite having had nearly twice as much time to compile them as Defendants have had. Accordingly, they cannot credibly claim that the timing of Defendants' responses has prejudiced them in any way, in particular when the timing is at least partially a problem of their own making due to their own late requests.

### C. Defendants' Response To Plaintiffs' 30(b)(6) Notice Was Timely And Appropriate.

As with Defendants' Responses to Plaintiffs' Document Requests, Plaintiffs' only arguments with respect to Defendants' 30(b)(6) notice responses are (a) they are untimely, and (b) they contain objections that are "so broad that [it] is impossible to determine whether the individual being produced will be prepared to testify on the designated topics." Pltfs' Mot. at ¶ 20.

Regarding Plaintiffs' first argument, Defendants' responses were not untimely. First, as detailed above in Section B *supra*, these issues were discussed on two separate occasions by the Parties, during which Plaintiffs did not object to the proposed timing of the discovery responses. (Ex. A, Wakefield Decl.). But, more critically, Plaintiffs have failed to demonstrate any actual prejudice they have suffered as a result of the timing and content of Defendants' discovery responses. "Speculation is not enough; the plaintiffs must demonstrate 'actual and substantial prejudice resulting from the denial of discovery.'" *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 339 (N.D. Ill. 2005) (quoting *Packman v. Chicago Tribune Co.,* 267 F.3d 628, 647 (7th Cir.

2001)). Plaintiff cannot demonstrate any prejudice here, as none has been suffered. Defendants' Fed. R. Civ. P. 30(b)(6) objections and designations were submitted to Plaintiffs on November 20, 2014, before a single deposition had been taken, and before Plaintiffs completed their own productions of documents.

Indeed, the only "prejudice" Plaintiffs allege is that Defendants' responses to Plaintiffs' deposition notice make it "impossible to determine whether the individual being produced will be prepared to testify on the designated topics." Pltfs' Mot. at ¶ 20. This is not sufficiently specific to warrant striking Defendants' objections. But, more importantly, this is an issue which could have been cleared up with a short phone call to Defendants' counsel. Had Plaintiffs' counsel done so, they would have learned that Defendants' witnesses will testify to the extent required by Fed. R. of Civ. P. 30(b)(6), based on "reasonably available" information. *See Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 338, 342 (N.D. Ill. June 29, 1995) (finding that a corporation has the duty to "make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters."). But, as detailed in Section D, below, Plaintiffs' counsel has refused to communicate with respect to these issues, favoring instead to seek the Court's intervention where none is required.

**D. Plaintiffs' Counsel Has Failed to Meet Their Obligation to Meet and Confer Pursuant to Local Rule 37.2 and the Court's Case Management Procedures on Discovery Motion Practice.**

Finally, Plaintiffs' motion should be denied as Plaintiffs' counsel has failed to meet their obligation to meet and confer pursuant to Local Rule 37.2 and the Court's Case Management Procedures on Discovery Motion Practice. Counsel for Defendants has offered on at least three

separate occasions to meet and confer regarding the issues raised in the instant motion. (Exhs. B, C, and D.) On November 20, 2014, counsel for Plaintiffs seemingly recognized their obligation to meet and confer, stating "[l]et's plan a time today or tomorrow to discuss the same." (Ex. D, 11/20/14 email from D. Voelker to A. Wakefield.) Defendants' counsel then responded on two separate occasions, first immediately and then a few hours later, offering to set up a time to meet and confer on these issues. (Exhs. D, C.) In response, less than four hours after his initial email, Plaintiffs' counsel stated that "There is really nothing to talk about" and that Plaintiffs would be moving to strike. (Ex. C, 11/20/14 email from D. Voelker to A. Wakefield.) Despite Plaintiffs' counsel's statement, on November 24, 2014, Defendants' counsel made one last attempt to resolve these issues without the Court's interference, stating that:

> As we have now repeatedly stated, we are willing to speak with you in an attempt to resolve these issues without involving the Court, but you now state that you are unwilling to do so. We believe these issues can be handled without the Court's interference and that it makes sense to get together and discuss: (1) your issues with our discovery responses and what additional documents – if any – you require; (2) your outstanding discovery; and (3) scheduling of depositions so we can meet the discovery deadline.

(Ex. B, email from A. Wakefield to D. Voelker, *et al.*) But Plaintiffs' counsel instead filed its Motion to Compel a day later, and indeed has not responded in any way to Defendants' counsel's request for a meet and confer pursuant to Local Rule 37.2 at any point since that time.

       The Court's Case Management Procedure on Discovery Motion Practice states that "[t]he Court will not hear or consider any discovery motion unless the movant has complied with the 'meet and confer' requirements of Local Rule 37.2." The Procedure goes on to provide that "compliance with Local Rule 37.2 requires a good faith effort to resolve discovery disputes and communication that takes place face to face or by telephone. The exchange of correspondence will not normally be sufficient to comply with Local Rule 37.2." The local rules are further

supported by case law. *See Stingley v. City of Chicago*, 2009 U.S. Dist. LEXIS 101956, at *5-6 (N.D. Ill. Nov. 3, 2009) ("No litigant . . . has the right to disregard its opponent's letters or telephone calls and ignore for five months its own discovery obligations . . . . All parties are equally obligated to participate fairly and cooperatively in discovery.").

Indeed, Defendants believe that a meet and confer call in this case may have avoided the multiple motions now before the Court. As stated above, despite Defendants' counsel's repeated offers to do so, along with Defendants' stated willingness to entertain Plaintiffs' specific requests for additional documents, if any, and/or to clear up any confusion Plaintiffs may have with respect to Defendants' 30(b)(6) responses, no such meeting has taken place. This provides yet another reason to deny the instant motion.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully ask the Court to DENY Plaintiffs' Motion To Compel.

Dated: December 2, 2014    Respectfully submitted,

/s/ Abby A. Wakefield
Morgan R. Hirst (06275128)
mhirst@JonesDay.com
Abby A. Wakefield (6294019)
awakefield@jonesday.com
Elizabeth J. Marino
ejmarino@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

*Attorneys for Defendants Invitation Homes L.P. and THR Property Illinois L.P.*

**CERTIFICATE OF SERVICE**

    I, Abby Wakefield, hereby certify that on December 2, 2014, I electronically filed a copy of the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

Daniel John Voelker, Esq.
Alexander N. Loftus, Esq.
VOELKER LITIGATION GROUP
311 West Superior Street
Suite 500
Chicago, IL 606054
(312) 870-5430
(312) 870-5420
dvoelker@voelkerlitigationgroup.com
alex@voelkerlitigationgroup.com

Paul A. Duffy
2 North LaSalle
13th Floor
Chicago, IL 60602
(312) 952-6136
pduffy@pduffygroup.com

                                          /s/ Abby A. Wakefield
                                        _____
                                          Abby A. Wakefield