# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEATHER TOLARO and MICHAEL J. TOLARO, *by his mother, Heather Tolaro*,<br><br>Plaintiffs,<br><br>v.<br><br>INVITATION HOMES L.P. and THR PROPERTY ILLINOIS L.P.,<br><br>Defendants. | Civil Action No. 1:14-CV-00794<br><br>Judge Andrea R. Wood<br><br>DECLARATION OF ABBY A. WAKEFIELD |

I, Abby A. Wakefield, declare as follows:

1. I am an attorney licensed to practice law in the state of Illinois and am currently an associate in the law firm of Jones Day, resident in the Chicago, Illinois office. I was admitted to the bar of the state of Illinois in 2007 and am a member of the bar of the state of Illinois in good standing.

2. I serve as counsel to defendants Invitation Homes L.P. and THR Property Illinois L.P., in the above-captioned case, case no. 1:14-cv-00794.

3. I submit this declaration to respond to certain statements made in the Plaintiffs' Motion to Compel, filed on November 25, 2014 (Dkt. 47).

4. On Thursday, September 18, 2014, I spoke to Daniel Voelker, counsel of record for Plaintiffs, via telephone. During that call:

    a. I introduced myself to Mr. Voelker, and explained to him that my co-counsel, Elizabeth Marino, who had previously been managing the case, was expecting a child and had gone into labor earlier than expected, and that we were in the process of transitioning the case over to me in her absence.

    b. I explained that, as a result of that transition period, my client would require additional time to respond to discovery and produce documents in response to Plaintiffs' Requests for the Production of Documents, which were served on September 9, 2014. Mr. Voelker did not object to that request.

    c. I also suggested that given these circumstances, and because I understood that both sides had outstanding discovery, we should move to extend the discovery deadline by sixty days. Mr. Voelker agreed to such an extension, an agreement which is reflected in the parties' Agreed Motion to Extend The Discovery Schedule. (Dkt. 44.)

5. On October 2, 2014, I appeared in front of the Court on the Agreed Motion to Extend the Discovery Schedule, and informed the Court that, because documents were coming from multiple sources, including third parties, "there has been some lag in getting information, but we are moving forward." At the time, Paul Duffy, counsel of record for Plaintiffs who appeared at that hearing, did not pose any objection to my statements to the Court or otherwise state that Plaintiffs believed Defendants had delayed the discovery process in any way.

6. On November 11, 2014, I spoke with Mr. Voelker again over the telephone. During that call:

    a. I began the conversation by stating that the bulk of Defendants' document productions would be complete by the end of the week, with a handful of documents—particularly personnel files—possibly lagging into the beginning of the following week. In response, Mr. Voelker said, "Great," and raised no objection to the timing.

    b. We then discussed what I understood to be a plan to complete discovery. I asked Mr. Voelker how he wanted to proceed with depositions, given that Defendants' motions to dismiss remained pending. Mr. Voelker stated that he intended to go forward with depositions, noting his belief that if the Court were to dismiss his claims, he would want as much information as possible as he was likely to be given leave to re-plead any dismissed claims. He then asked me to give him dates for the witnesses whose depositions Plaintiffs had noticed. I explained that all of the witnesses whose depositions he noticed were former employees, but that Defendants' counsel would reach out to them regarding their availability. I then suggested that the parties should plan to complete written discovery by the week before Thanksgiving. At the time, Mr. Voelker raised no objection to that proposed schedule.

7. Since the phone call, Defendants have:

    a. Completed productions of documents as promised, with the bulk of the final productions occurring on November 13 and 14, 2014, with a final production of five files—including the promised personnel files—on November 20, 2014.

    b. Given Plaintiffs' counsel dates for the witnesses who Defendants have designated as Fed. R. of Civ. P 30(b)(6) witnesses on November 20, 2014.

    c. Reached out to the three former employees whose depositions Plaintiffs are seeking, and obtained their tentative cooperation to testify.

Pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true to the best of my recollection under penalty of perjury.

Dated: December 2, 2014

Abby A. Wakefield

2