# Exhibit D

| | | |
|---|---|---|
| Subject: | Fw: Tolaro v. Invitation Homes/THR | |
| From: | Abby Wakefield | 12/02/2014 04:11 PM |
| | Extension: 5-1533 | |
| To: | Kristina Cercone | |



**Abby A. Wakefield**

77 West Wacker Drive • Chicago, IL 60601
**DIRECT** 312.269.1533 • **FAX** 312.782.8585
AWAKEFIELD@JONESDAY.COM

----- Forwarded by Abby Wakefield/JonesDay on 12/02/2014 04:10 PM -----

| | |
|---|---|
| From: | Abby Wakefield/JonesDay |
| To: | Daniel J Voelker <daniel.voelker59@gmail.com>, |
| Cc: | Alexander Loftus <alex@voelkerlitigationgroup.com>, "Morgan R. Hirst" <mhirst@JonesDay.com>, Paul Duffy <pduffy@pduffygroup.com> |
| Date: | 11/20/2014 02:42 PM |
| Subject: | Re: Tolaro v. Invitation Homes/THR |

Dan,

I am around all afternoon if you want to call me. Thanks.

Abby



**Abby A. Wakefield**

77 West Wacker Drive • Chicago, IL 60601
**DIRECT** 312.269.1533 • **FAX** 312.782.8585
AWAKEFIELD@JONESDAY.COM

| Daniel J Voelker | Abby: With respect to the billings, can you explai... | 11/20/2014 02:23:35 PM |
|---|---|---|

| | |
|---|---|
| From: | Daniel J Voelker <daniel.voelker59@gmail.com> |
| To: | Abby Wakefield <awakefield@jonesday.com>, |
| Cc: | Paul Duffy <pduffy@pduffygroup.com>, Alexander Loftus <alex@voelkerlitigationgroup.com>, "Morgan R. Hirst" <mhirst@JonesDay.com> |
| Date: | 11/20/2014 02:23 PM |
| Subject: | Re: Tolaro v. Invitation Homes/THR |

Abby:

With respect to the billings, can you explain why in the subpoenas you issued you did not ask the

medical providers to produce billing records? As you requested, Ms. Tolero signed medical authorizations and we reasonably anticipated that, in order to avoid multiple subpoenas, you would request all billings as well as medical records.

███████████████████████████████████████████████████████████████

Ms. Tolero is available for deposition on the date of your notice.

With respect to your production, your objections are all untimely.
Please withdraw these or we will move to strike the same.
We also note that your objections are not well-founded.
Let's plan a time today or tomorrow to discuss the same.
We will endeavor to produce the billing records that remain to be produced as well as the telephone records.
Thx
Dan

Daniel J. Voelker
Voelker Litigation Group
311 W. Superior Street
Suite 500
Chicago, Illinois 60654
(O) 312-870-5430
(C) 312-254-7666
(F) 312-870-5431
dvoelker@voelkerlitigationgroup.com
www.voelkerlitigationgroup.com

On Nov 20, 2014, at 10:41 AM, Abby Wakefield <awakefield@jonesday.com> wrote:

> Dan,
>
> You sent me two emails back-to-back, one regarding ███████ and one regarding deposition dates, I will address both in turn here.
>
> ███████████
>
> ████████████████████████████████████████████████
>
> In your 26(a) disclosures you say you will produce medical records and bills on a rolling basis as you receive them. To date we have received no records from you - as you know we have subpoenaed them from Plaintiffs' treating physicians - and the medical bills we have seen have been receipts for prescriptions. If I am missing something within your production please direct me to it, ████████████████████████████
>
> Your responses to our Interrogatory Nos. 3 and 13, which request information regarding Plaintiffs' bodily injuries and damages as a result of those injuries, do not provide more information. In response to Interrogatory No. 3 which requests details regarding Plaintiffs' injuries, you state that "ten (10) days after moving into the Property, Tolaro's son, Michael, began developing a rash on

various parts of his body, a precursor to the illness resulting from the mold from which he was suffering. Heather Tolaro's symptoms and illnesses are reflected in the documents produced by Plaintiffs to Defendants in discovery. . . .Investigation continues." You do not list the eight emergency room trips that Plaintiffs' made, and the records we have received from Plaintiffs' physicians to date reflect that two emergency room visits occurred after moving into the Property (one per plaintiff). In response to Interrogatory 13, which requests information about Plaintiffs' damages, you direct Defendants to your Rule 26(a) disclosures and productions of documents, and again state that "Investigation continues." As I note above we have not seen medical bills from Plaintiffs other than a few prescription receipts. If you have produced these records and we are somehow missing them in our review, again please point me to the place in your production where I might find them.

Depositions and Discovery

You have asked for dates certain for the depositions you have requested. These can be broken down into the following: (1) your 30(b)(6) request; (2) depositions you have noticed; and (3) depositions you have subpoenaed. First, regarding your 30(b)(6) request, we will produce two current employees who can testify to each topic - Michelle Tecson and Kevin Wolfram. Michelle is available on 12/3, 12/5, and 12/9 after 10:30. Kevin says he is generally available during that time period and can make any date work. I have attached our response to your notice, which designates witnesses for each category, below. I would suggest taking these towards the end of the discovery period for the sake of efficiency, as much of this testimony may be duplicative of the testimony of other witnesses who were more closely involved with the Property and/or Ms. Tolaro on a day-to-day basis, but that is up to you.

Second, we have reached out to each of the three employees whose depositions you noticed. As I mentioned on the phone to you last week, "Daniella," who we believe to be Daniella Nogol (who you state in response to Interrogatory No. 2 your client understood was a former employee as of December 2013), James Emanuel, and Keith Trelford are all former employees. I have personally reached out to each of them for dates. So far:
- Ms. Nogol says she is free any day after the upcoming holiday week, and is happy to give testimony, but would prefer to do it closer to her home; she is currently in Plainfield, Illinois.
- Mr. Trelford is also willing to sit for a deposition, and has promised me available dates by the end of the day tomorrow; you will have them as soon as I have them. He currently lives in Schaumburg and would prefer if we could set the deposition location closer to him, but is willing to be flexible.
- I am still waiting on a response from Mr. Emanuel; if I don't hear from him today I will follow up with him tomorrow morning.

As I mentioned, these are not our current employees and we do not represent them, so if you prefer to contact them yourself directly to set this up going forward, I am happy to pass along their contact information to you.

Third, you served subpoenas on four third-party individuals whose depositions you are seeking: Anthony Zammit, Eric Rahn, Rob Ivener, and Russell Scott. We assume you are setting these dates up independent of us. We can make any date work that these individuals are available, please let us know.

Additionally, as you know, we have subpoenaed the depositions of a number of Plaintiffs' treating physicians and other care providers. We received what we believe to be the last of your client's medical records this week, which I passed along to you, but noted we have some concerns about gaps in these records which we are trying to figure out through the providers directly. That said, we have finally received what we think are the majority of these records, we are able to reach out to counsel for those physicians who we intend to depose this week for dates. Again, we have no control over these people's availability but have asked for dates pre-dating December 9.

We are also seeking your client's deposition. Attached is a deposition notice with a placeholder date. Please let us know when she is available.

Regarding our own documents, and your accusation that we have engaged in "obvious delay tactics," an even cursory review of the record reveals that is not the case. We served initial discovery on you on July 8th; you did not serve document requests on us until September 9th, giving us significantly less time to respond than you have had. And, a comparison of our productions reveals our productions to be far more extensive, far reaching, and complete than your client's, and that we have invested significant energy and manpower into putting together complete productions of relevant documents. We have pulled documents from myriad computer systems and departments from our clients, we have retrieved email files from former employees, and produced multiple emails to and from your client which you did not produce as part of your production of emails despite the fact that they are clearly relevant to this matter. We have served FOIA requests on the City of Chicago requesting inspection records, and we have served subpoenas upon your clients' physicians requesting medical records.

On the other hand, we have been asking for your client's phone records, which you reference in your interrogatories, for months, yet we have not received them. And, as mentioned above, your client has provided paltry evidence to support her claim for damages, including virtually no medical bills or insurance records evidencing the costs she has allegedly incurred to date. Finally, a number of your interrogatory responses are insufficient. In response to Interrogatories 3, 13, and 14, you note that "investigation continues," yet you have not supplemented these responses to reflect any additional information you have received as a result of your continuing investigation, despite the fact that - as you correctly note - discovery is about to close. Please let us know if you intend to provide the records, medical bills and/or supplement your discovery responses. As I note above, if I we are missing something in our review of your productions or disclosures, please let me know.

Like you, we remain committed to meeting the current deadline set by the court, and are working towards the goal of closing discovery out by December 9th. As I mention above, I will pass along Mr. Trelford's dates to you tomorrow, and will let you know when Mr. Emanuel contacts me. Please let us know what dates you receive from the subpoenaed witnesses and Ms. Tolaro, and I will let you know what dates I receive from Ms. Tolaro's treating physicians. And, where we have offered multiple dates for a number of witnesses, let me know when you'd like to conduct each deposition, and I will notify each witness accordingly.

If you would like to discuss any of the above, please feel free to reach out to me, I am around all day. Thanks very much.

Abby

<mime-attachment.gif> <mime-attachment.gif>

**Abby A. Wakefield**
77 West Wacker Drive • Chicago, IL 60601
**DIRECT** 312.269.1533 • **FAX** 312.782.8585
AWAKEFIELD@JONESDAY.COM

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

==========

<Tolaro Response to Notice of Rule 30(B)(6) Deposition.PDF>
<Tolaro Notice of Deposition.PDF>

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========