```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   HEATHER TOLARO, an individual,  )  Docket No. 14 C 00794
     MICHAEL J. TOLARO, a minor, by  )
 4   his mother, HEATHER TOLARO,     )
                                     )
 5                  Plaintiff,       )  Chicago, Illinois
                                     )  December 4, 2014
 6             v.                    )  9:53 a.m.
                                     )
 7   INVITATION HOMES, L.P., a       )
     Delaware limited partnership,   )
 8   and THR PROPERTY ILLINOIS, L.P.,)
     a Delaware limited partnership, )
 9                                   )
                    Defendants.      )
10
              TRANSCRIPT OF PROCEEDINGS - Motion Hearing
11              BEFORE THE HONORABLE ANDREA R. WOOD

12
     APPEARANCES:
13

14   For the Plaintiff:    VOELKER LITIGATION GROUP, by
                           MR. ALEXANDER N. LOFTUS
15                         311 West Superior Street
                           Suite 500
16                         Chicago, IL 60654

17
     For the Defendants:   JONES DAY, by
18                         MS. ABBY A. WAKEFIELD
                           77 West Wacker Drive
19                         Chicago, IL 60601

20
     Also Present:         MS. HEATHER TOLARO
21
     Court Reporter:       LISA H. BREITER, CSR, RMR, CRR
22                         Official Court Reporter
                           219 S. Dearborn Street, Room 1802-C
23                         Chicago, IL 60604
                           (312) 818-6683
24                         lisa_breiter@ilnd.uscourts.gov

25
```

```
 1        (In open court.)
 2            THE CLERK:  14 CV 794, Heather Tolaro vs. Invitation
 3   Homes on a motion to compel.
 4            MR. LOFTUS:  Good morning, your Honor.  Alex Loftus
 5   for the plaintiff for now.
 6            MS. WAKEFIELD:  Abby Wakefield on behalf of
 7   defendants.
 8            MS. TOLARO:  Good morning.  Heather Tolaro on behalf
 9   of myself and my son.
10            THE COURT:  Okay.
11            MR. LOFTUS:  So it's plaintiff's motion to compel, and
12   we filed this, I think, last week.  And on Monday or Tuesday of
13   this week, Ms. Tolaro terminated our services.
14            THE COURT:  I see, okay.  And I think I will need to
15   have some explanation about what has happened then with respect
16   to plaintiff's representation.
17            Ms. Tolaro, are you currently represented by counsel?
18            MS. TOLARO:  Well, I have a letter that I wrote.  Do
19   you mind if I read it?  It explains everything.
20            THE COURT:  That's fine.  We'll make it part of the
21   record.  Proceed.
22            MS. TOLARO:  I have become aware in recent weeks of my
23   attorney's ethics and character.  It's been seriously called
24   into question in several professional legal venues including
25   federal judges in this exact same courthouse.
```

1    Attorney Duffy has been found by a Federal Court in
2    2013 to have been involved in conspiracy, identity theft,
3    violations of the RICO Act along with allegations of
4    professional misconduct, moral turpitude and deception.  I
5    believe that my case has been mismanaged and that Duffy and his
6    associates are not only untrustworthy, but may be incompetent
7    to handle what is essentially an injury case for myself and my
8    son.
9    I have not been properly advised on this case at this
10   point.  My questions have not been answered, and I was recently
11   asked what I believe the case was worth and what was the lowest
12   amount I would be happy walking away with.  I found it odd that
13   I've never met any of my attorneys in an office, but instead at
14   Erie Cafe for lunch while they enjoyed wine or a cocktail.
15   I would like to add that I received an e-mail from
16   Mr. Voelker last night informing me that I have a deposition on
17   the 8th of this month.  I have not met with them in regards to
18   this deposition, nor have I been prepped for the deposition.  I
19   don't even know what time the deposition will be held at.
20   The only way that I know what a deposition means is
21   because I watch a lot of Law and Order.  I fear the discovery
22   process has been ineffective at this point based on the manner
23   in which my interrogatory answers were obtained.  Moreover, I
24   have become even further concerned about the moral and
25   professional character of my attorney.  Because even after

1  advising Mr. Duffy and Mr. Voelker that I no longer wished to
2  retain their legal counsel, I have since been threatened and
3  coerced to keeping them as my attorneys.
4        Mr. Voelker himself left me several voicemail type
5  messages and a quite inappropriate e-mail message stating that
6  I can't tell them not to contact me any further because they
7  are still my attorneys because of the pending motion to compel
8  which brought me here today.
9        In addition, I was threatened that if I terminated
10 them, they would be sending me an invoice for over $100,000
11 legal bill that is not justified, has never been addressed, nor
12 have even been contemplated in an extremely sparse and loosely
13 drafted contingency agreement.
14       In addition to having a copy of the attorney/client
15 agreement for your review, I am also in possession of all of
16 the relevant news releases concerning Mr. Duffy's questionable
17 antics.  I have courtesy copies of them for you as well.
18       I have met with a few law firms on this case, all of
19 whom have expressed interest in handling the case.  And all of
20 the lawyers I have independently consulted expressed grave
21 concern with the background of my current counsel, his
22 competency and the current discovery closure schedule.
23       Without the benefit of having them -- having the file
24 available or without proper time to review the status of this
25 claim, several attorneys are reluctant to get involved.  Your

1  Honor, I am respectfully requesting that you would sign an
2  order terminating my current counsel of record and that you
3  stay or -- stay any current or pending motions or orders and
4  that you consider ordering Mr. Duffy to release my file to me
5  and allow 60 days to return with new counsel.
6        I would also hope that you would consider some
7  flexibility in your current discovery schedule to allow my new
8  attorneys to get up to speed.  And I thank you for your time
9  and consideration.
10       THE COURT:  Okay.
11       MR. LOFTUS:  Your Honor, discovery closes on the 9th.
12       MS. WAKEFIELD:  Yeah, that's correct.
13       MR. LOFTUS:  We had it in a good position to get done.
14 Right now, we kind of have them over a barrel.
15       THE COURT:  But not by the 9th.  Because I've seen
16 your motions to compel.  It doesn't seem like either side wants
17 to do the 9th.
18       MR. LOFTUS:  We don't need any additional discovery.
19 The liability's good on documents.  But the case is ready to
20 roll.  If new attorneys came in, we could work with them and
21 that would be fine.
22       But putting off dates before new counsel comes in that
23 can understand and act on her behalf is very dangerous.  It's
24 hugely detrimental to the case.  The thing that's going so well
25 right now is being able to enforce the dates and the discovery

1    cutoffs from plaintiff's position.
2            So to move any discovery cutoff or discovery dates at
3    this time based on plaintiff's position without counsel is
4    really dangerous.  And my position is preserving our lien, and
5    the case is worth money and it's about ready to go.
6            THE COURT:  Have you discussed all of this with
7    Ms. Tolaro?
8            MR. LOFTUS:  She hasn't responded to any
9    communications from our office.  This is the first time I've
10   seen her and expected her to be here today.  I was hoping that
11   new counsel would come in.  We could work with new counsel and
12   that's fine, if she doesn't want to have us working for her.
13           Paul Duffy is our referring attorney on this matter.
14   I don't know anything about what she's saying as to that.
15           THE COURT:  Do you have any response to her request to
16   have the representation terminated?  I mean, it's ultimately
17   the lawyers work for her, and if she doesn't want you to work
18   for her anymore, I --
19           MR. LOFTUS:  No.  We can't force her -- we can't force
20   her to work with us.  It would be great if new plaintiff's
21   counsel came in.  We could get him up to speed and work
22   together.  We don't care.  We'll be happy to help.
23           Whoever she's talking to, we can work on that
24   transition.  The thing that's best for the case is to keep the
25   pressure on, and it's not that complicated of a case to be able

1  to do that.  And if a sharp guy comes in, we can work with him
2  and get him up to speed and it will be a good transition.  And
3  leave that up to new counsel coming in to make the decision
4  about what to do with these deadlines and stuff.
5      And if we can just kick it over a very short date for
6  new counsel to come in, if he chooses to put everything off
7  from an attorney's perspective, that's fine.  He can do that as
8  new counsel.
9      But right now, for an attorney to come in and not know
10 the state of things and where the case is and what discovery
11 has been done and what's set up and how things are all coming
12 into place to just stay everything for 60 days, that blows up
13 our whole plan of, you know, limit -- very little discovery set
14 up for discovery more on plaintiff's damages, which was great
15 from the plaintiff's perspective.
16     We can talk to the doctors.  We have talked to the
17 doctors.  We know what's going to happen if defense counsel is
18 unable to take their depositions because they're out of time.
19     THE COURT:  You don't need to convince me that your
20 legal strategy is the right one.  Have you explained all of
21 this to Ms. Tolaro?
22     MR. LOFTUS:  No, I haven't.
23     MS. TOLARO:  I've had very little to no communication
24 with the attorneys.  I haven't been aware of court dates.  The
25 deposition, I just found out last night about, which is set for

1  Monday.  I don't know about any of this stuff, and that's why
2  I'm kind of -- you know, I've been seeking new counsel.
3              THE COURT:  Mr. Loftus, is that correct that the
4  plaintiff's deposition is set for Monday and she just found out
5  about it yesterday?
6              MR. LOFTUS:  That's not what I'm aware of.
7              MS. TOLARO:  I have the e-mail from Mr. Voelker that
8  he sent to me last night.
9              MR. LOFTUS:  I don't know what Mr. Voelker's
10  communicated to her.
11              THE COURT:  Ms. Wakefield, how long has the
12  plaintiff's deposition date been set?
13              MS. WAKEFIELD:  It's been set, I believe, since
14  November 20th.  Mr. Voelker said that date would work.
15              THE COURT:  Okay.  So it wasn't set that long ago?
16              MS. WAKEFIELD:  That's correct.
17              THE COURT:  Ms. Tolaro, were you consulted about your
18  availability for a deposition?
19              MS. TOLARO:  He asked me what days would work, and I
20  told him several different dates.  I was never confirmed with
21  that specific date nor time.  I am a mother of a little boy, so
22  I kind of need to know times, dates, and it needs to be
23  confirmed.
24              THE COURT:  Okay.
25              MS. TOLARO:  And I just found out last night.

1        THE COURT: Ms. Tolaro, how much time do you need in
2   order to get new counsel in place?
3        MS. TOLARO: Well, I've spoken to several different
4   ones, and they just wanted to make sure that they could review
5   the file, have 30 to 60 days. Nobody wants to take it without
6   having 30 to 60 days to review the file, and that's kind of the
7   position I'm in.
8        THE COURT: Okay. And you've heard what your current
9   counsel has had to say about how your request to delay the case
10  might, he believes, put you at a disadvantage?
11       MS. TOLARO: Right.
12       THE COURT: Are you taking that into account in making
13  this decision to change counsel and to ask for a delay of the
14  proceedings?
15       MS. TOLARO: I mean, could we just have a 30-day delay
16  for the counsel to kind of get up to speed on what's going on?
17  I think 30 days should be --
18       THE COURT: Is that your request?
19       MS. TOLARO: Yes.
20       THE COURT: Ms. Wakefield, what's the defense position
21  with respect to entering and continuing the motions to compel
22  for 30 days and a stay, I guess, maybe not -- staying
23  discovery, let's say that, so that counsel, new counsel can get
24  up to speed?
25       MS. WAKEFIELD: Yeah, you know, we have no problem

1  with that, your Honor.  You know, one thing we would like to do
2  probably in advance of whatever status hearing there is, is
3  talk to whoever new counsel is and see if we can get -- we have
4  a small amount of discovery left.
5      We have offered counsel dates for a bunch of deps.
6  They haven't taken us up on them.  You know, we'd like to have
7  a plan in place before we show up here again on these motions
8  to see if we can actually -- we talked in motions about failure
9  to meet and confer.
10     We'd like to talk to counsel to see if we can get the
11 stuff worked out before we show up on motions.  30 days,
12 however long Ms. Tolaro needs.
13     THE COURT:  Ms. Wakefield, as far as you're aware, is
14 there a lot of discovery outstanding?
15     MS. WAKEFIELD:  As you know, we have the motion to
16 compel Ms. Tolaro's bank records or other evidence of actual
17 expenditures related to this case.  They've noticed, I
18 believe -- they've noticed three deps, subpoenaed four
19 depositions, and then they've issued us a 30(b)(6) notice.
20     So I think they have nine deps that they need to take.
21 We have two physicians plus Ms. Tolaro's deposition.  So
22 there's about 12 depositions that need to happen.  If they're
23 satisfied with what we've produced, which I'm now hearing
24 today, I think that's about it.
25     THE COURT:  Okay.  Well, based on what I've heard

1  today, certainly it's Ms. Tolaro's choice to decide whether she
2  wants to proceed with her current counsel or retain new
3  counsel.  It appears to me that she has made the decision that
4  she would like to have the appearances of her current counsel
5  terminated and that she is in the process of retaining new
6  counsel who will make an appearance within the next 30 days to
7  six weeks.
8         And so based on her representations, the appearances
9  of the attorneys from -- all of the attorneys from the Voelker
10 firm as well as Mr. Duffy will be terminated.
11        Is that what you would like to happen, Ms. Tolaro?
12        MS. TOLARO:  Yes.
13        THE COURT:  My expectation is that new counsel will
14 file appearances in this matter by January 5th, which is about
15 30 days from today.  That's the Monday after New Year's, and I
16 will set a status date for a short period after that.
17        I will enter and continue the pending cross-motions to
18 compel, which I believe are documents 47 and perhaps 50 until
19 that next status date.  So your new attorneys should come
20 prepared to discuss how those motions will be resolved.
21        I appreciate Ms. Wakefield's desire to have a
22 discussion with counsel before the status hearing to see if the
23 discovery issues can be worked out.  That is the appropriate
24 course.
25        I will also note for the record that I did review the

1  exhibits filed in support of the defendants' response to
2  plaintiff's motion to compel, and I did have some concerns
3  about Mr. Voelker's lack of desire to meet and confer prior to
4  filing his motion, which is not consistent with the local rules
5  or my own case management procedures.
6      I think an e-mail that says, "There's nothing to talk
7  about, period, I'm filing my motion tomorrow," does not
8  constitute a meet and confer under either of those standards?
9  So I would like the parties to try to work out these discovery
10 issues, if you can, before the next status date.
11     In the meantime, any formal discovery will be stayed
12 until the next status so that new plaintiff's counsel can come
13 in and get up to speed without having additional stuff served.
14     Alicia, can we get a status date on this in mid
15 January?  It will be about six weeks from now.
16     THE CLERK:  January 20th at 9:00 a.m.
17     THE COURT:  Okay.  So at that time I'll want to
18 discuss pending motions, a reasonable deadline for completing
19 the remaining discovery, and also any prospects for settlement.
20 Because I do think having new counsel come in, that's often the
21 best time to revisit settlement options and to try to see if
22 there's a way to resolve the case without either side spending
23 additional resources.  I think that may be all to do for today.
24     Is there anything else that either counsel or
25 Ms. Tolaro would like to raise?

1    MS. WAKEFIELD: I did want to remind your Honor that
2 we do have two motions to dismiss also still pending.
3    THE COURT: Yes, and those will be addressed. They
4 have not been forgotten at all. So they will be addressed.
5    Mr. Loftus, anything?
6    MR. LOFTUS: No.
7    THE COURT: Ms. Tolaro?
8    MS. TOLARO: No, your Honor.
9    THE COURT: Okay. Thank you all.
10    MS. WAKEFIELD: Thank you.
11 (Concluded at 10:08 a.m.)
12                * * * * * * * * * *
13                C E R T I F I C A T E
14 I certify that the foregoing is a correct transcript of the
15 record of proceedings in the above-entitled matter.
16
17 */s/ LISA H. BREITER*                              *December 29, 2014*
   LISA H. BREITER, CSR, RMR, CRR
18 Official Court Reporter
19
20
21
22
23
24
25